## KILBURN *against* WOODWORTH.

THIS was an action of debt, on a judgment recovered in the court of common pleas of the county of Lenox, in the state of *Massachusetts*, in *April*, 1801, for 118 dollars and 40 cents. There was also a count on a *mutuatus*. The defendant pleaded *nil debet*.

At the trial, the plaintiff produced an exemplification of the record of the judgment. The defendant's counsel objected to its admission as evidence, and offered to prove by parol, that at the time the first process was served in *Massachusetts*, the defendant was a resident

*Berkshire*

An action cannot be maintained in this state, on a judgment recovered in *Massachusetts*, in an action commenced by an attachment of goods, without any *personal* summons or actual notice to the defendant; and who was at the time of issuing the attachment, a resident in this state.

NEW-YORK, in this state. This was objected to on the part of the
Nov. 1809. plaintiff, but admitted by the *chief justice.*

KILBURN        The defendant then proved, that in *May*, 1800, he
v.
WOODWORTH. sold his house, &c. to the plaintiff, and removed with
part of his goods, &c. into the county of *Seneca*, in this
state, where he purchased a farm, on which he settled,
cleared and cultivated a part, and built a house; that
he was assessed and paid taxes in the town in 1800, and
had not been in *Massachusetts* since his removal into
this state; that in *October*, 1800, he sent one of his sons
to *Massachusetts*, for the rest of his family, who had re-
mained on the farm he had sold to the plaintiff since *May*,
and that his son returned with his wife and two children,
and the residue of his goods, into the county of *Seneca*,
the latter end of *October*, 1800; and that he did not know
of any summons having been served on his wife. It ap-
peared that the suit was commenced by an attachment,
which was served by attaching a bedstead belonging to
the defendant, accompanied with a summons to appear,
which had been served on the wife of the defendant,
the day after she left the place in *Massachusetts*, and
while on her way to join her husband in *Seneca*. On
this the chief justice decided, that the record offered by
the plaintiff, was not competent evidence.

The counsel for the plaintiff, then offered to prove,
that by the laws of *Massachusetts*, and the practice of the
court in which the judgment was rendered, the judgment
was regular and valid, and would be so considered in
*Massachusetts*. The chief justice said, the evidence was
unnecessary, it being ceded by the defendant's counsel,
that the judgment was to be presumed to be regular in
that state.

The plaintiff then offered to prove the original demand,
but there appearing to be no count in the declaration, to
which such evidence was thought applicable, it was re-
jected by the judge, and the plaintiff was nonsuited.

A motion was made to set aside the nonsuit, on the
following grounds:

1. That the evidence given by the defendant was inadmissible, under the plea, without notice, and also, because of the conclusive nature of the evidence offered by the plaintiff.

2. The facts proved by the defendant, did not render the exemplification of the record of the judgment incompetent evidence.

3. The plaintiff ought to have been permitted to give evidence of the original demand, under the count, on the judgment.

*Whiting*, for the plaintiff. I do not contend that the record of the judgment, is absolutely conclusive here : but if by the laws of *Massachusetts*, the record would have a certain effect there, this court is bound by the law of the *United States*, to give it the same effect here. If by the laws of *Massachusetts*, the first process is by attachment, and such a mode of service is held to be a sufficient notice to the debtor, so that a judgment so obtained is regular and valid, the court here ought to give it the effect of a regular judgment. There is no more impropriety in considering such a service of an attachment as notice, than the ordinary mode of proceeding by *scire facias* against bail, or the taking judgment by default, in an action of ejectment, against the casual ejector. A mistaken notion has arisen on this subject, from supposing that this was a proceeding *in rem ;* a notion derived from the case of *Phelps* v. *Holker*, in 1 *Dallas's Rep.* 261. but it is not properly a proceeding *in rem ;* but a mode adopted by the law of *Massachusetts*, for giving notice to the defendant in a suit.

Again, this defence did not arise out of the issue, *nil debet ;* and it being special, notice ought to have been given under the plea. Under the plea, the court can only inquire, whether the judgment was regularly obtained.

Still, if the plaintiff failed in supporting his count on the judgment, he ought to have been allowed to prove the original debt.

NEW-YORK,
Nov. 1809.

KILBURN
v.
WOODWORTH.

*Henry*, contra. 1. The record of a judgment in another state, is merely *prima facie* evidence of a debt; and if the party was not within the jurisdiction of the court, or was not personally summoned to appear, the record is no evidence at all; the judgment is a nullity. The fourth article of the present constitution of the *United States*, was intended merely to follow a similar clause in the articles of confederation, by which it was declared, that " full faith and credit shall be given in each of these states, to the records, acts and judicial proceedings of the courts and magistrates of every other state;" and the journals of congress (vol. 3. p. 389.) furnish a contemporaneous exposition of this article of the confederation; for on a motion made to amend the clause, so as to allow an action of debt to be brought in one state on a judgment in another state, the amending clause contained a *proviso*, that the party against whom such judgment may have been obtained, had *notice in fact* of the service of the original writ, on which such judgment was founded; thus plainly showing, in the opinion of congress, that an *actual* notice, or *personal* summons to the party, was requisite to give the judgment any validity or effect in another state. The constitution of the *United States*, or the act of congress, has not so altered the principles of the common law, as to give effect to a judgment obtained without notice. If the defendant has received no personal summons or notice, the judgment must be, on general principles of law and justice, irregular and void. The meaning of the words of the constitution of the *United States*, and the act of congress, has been settled by the decisions of the courts of several of the states.*

* 1 *Caines*, 463. 1 *Mass. Rep.* 406. See also, 1 *Doug.* 6. and notes. *Kirby's Rep.* 119. 2 *Dallas*, 302.

2. There could be no other plea in this case, than *nil debet*. The plea of *nul tiel record*, would have been improper. The evidence was therefore admissible, under the plea of *nil debet*.

3. The plaintiff could not have been allowed to prove his original demand, under his declaration, without a sacrifice of all the established principles on this subject.

*Per Curiam.* The nonsuit was properly directed. The defendant was not a resident of *Massachusetts*, when the suit was commenced; his domicil was in this state, and being in person here, and not within the jurisdiction of the court in *Massachusetts*, he was not, and could not have been served with process. The attachment of an article of his property could not bind him; it could only bind the goods attached, as a proceeding *in rem*, and the judgment obtained by default, in pursuance of such an attachment, cannot be the ground here of an action against the defendant. To bind a defendant personally by a judgment when he was never personally summoned, or had notice of the proceeding, would be contrary to the first principles of justice. So it was decided in *Fisher* v. *Lane*. (3 *Wils*. 297.) In the case of *Phelps* v. *Holker*, (1 *Dallas*, 261.) a judgment obtained under the like proceeding, was held in *Pennsylvania*, not to be binding and conclusive; and in the case of *Kibbe* v. *Kibbe*, (*Kirby*, 119.) the supreme court of *Connecticut* went further, and denied operation to a judgment so obtained in *Massachusetts*. The *English* courts have established the same rule. In *Buchanan* v. *Rucker*, (9 *East*, 192.) the court of K. B. declared that the law would not raise an *assumpsit*, upon a judgment obtained in the island of *Tobago*, by default, when it appeared on the face of the proceedings, that the defendant was not in the island, when the suit was commenced; and that he had been summoned by nailing a copy of the declaration on the court-house door. The court there said that it would have made no alteration in the case, if such proceedings were admitted to have been valid by the laws of *Tobago*. The motion to set aside the nonsuit must be denied.

Judgment of nonsuit.