By the Court.
Mason, J.
The general act for the assessment and collection of taxes provides that every person shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, or under his control as trustee, &c. (1 R. S. p. 389, § 5.)
The act of the 25th of March, 1850, on this subject, enacts that in case any person possessed of such personal estate shall reside during any year in which taxes may be levied, in two or more counties or towns, his residence, for the purposes, and within the meaning of the section quoted above, shall be deemed and held to be in the county and town in which his principal business shall have been transacted. (Laws 1850, p. 142.)
The complaint denies that the plaintiff was a resident of any other place than Mount Pleasant in Westchester county, and such was the position taken by his counsel in the argument before us. On the other hand, the counsel for the corporation *47 contended that the facts stated in the complaint showed, that the plaintiff resided in New York, as well as in Westchester, and that his only place of business being in the former place, he was properly taxed there.
It appears to us, that the whole of the argument of the plaintiff’s counsel, and the whole frame of the complaint, was based on a misconception of the meaning of the term residence, and the confounding it with the term domicil. The Supreme Court, in the matter of Thompson (1 Wend. 45), adopted the definition given by Yattel, of the word “ domicil.” “ The domicil is the habitation fixed in any place, with an intention of always staying therebut they held in that case, that a man might reside abroad, though his domicil was in this country—that no length of residence; without the intention of remaining, constitutes domicil, and therefore, that a person who came to this city, and established himself in business here, but who, while his business was still carried on here, had gone to Scotland, partly on business, and partly for pleasure, and remained there two years, though with the intention of returning, was liable to be proceeded against as a non-resident debtor.
The same doctrine was laid down by the same court in the case of Frost v. Brisbin (19 Wend, 11). In that case the defendant, a resident of this State, went to Milwaukie, and opened a store there, which he attended to for ten months, but without the intention of remaining, unless his business was successful, having left his family, in the mean time, in this State. Yet the court held that he was a resident of Milwaukie, and was liable to be arrested in this State, under the act of 1831, as a non-resident. In this case, as in the last case cited, the domicil was in this State, while the residence was abroad.
The facts stated in the complaint before us, show that the plaintiff's domicil is in Westchester county—his home is there— and his residence also for a little more than half the year, but that is not inconsistent with the fact that his residence is in the city of New York, for the remainder of the year.
Residence is defined by Webster to be “ the dwelling in a place for some continuance of time,” and the court in the case of Frost v. Brisbin just cited, say “ there must be a settled, fixed abode, an intention to. remain permanently at least for a time, *48 for business or other purposes, to constitute a residence within the legal meaning of the term.” The plaintiff establishes the fact of his residence in New York precisely in conformity with this definition. He came to the city in December, 1849, “for the winter season,” and about the first of December, 1850, “he again took apartments for the winter.” By his own showing, he came with the intention of remaining, and in 1849, “ did remain permanently, for a time, in the city.” It was his settled fixed abode for the winter.
The act contemplates a person having two places of residence. That he resided in Westchester is conceded ; but during the four or five months in which he dwelt in New York continuously, could he be said to be residing or dwelling in West Chester? To give any meaning to the act, he must be considered as residing in New York and in West Chester for the several portions of the year in whiph he abode or dwelt in them respectively, and this construction, we have seen, is in accordance with the strict legal meaning of the term “ residence.”
As his place of business as well as of residence was in New York, he must, under the act, be assessed there, and he was properly assessed in the 15th Ward, in which he resided.
The judgment of the Special Term must be affirmed with costs.