GRAHAM *vs.* THE PUBLIC ADMINISTRATOR.

*In the matter of the Estate of* MARGARET ROBERTSON, *deceased.*

THE intestate having died at the Marine Hospital, on her way from Scotland, her domicil of origin, to Canada West, *held* that the distribution of her estate must be governed by the Scotch law.

The test in respect to the succession to the personal estate of intestates, is the law of the domicil at the time of the death. This is the universal rule at this day.

A domicil can be acquired only by residence with the intention of remaining at the new place of abode. Intention alone is not sufficient; the new domicil must be established *animo et facto,* by a union of the fact and the intention.

It is a well settled principle, that for the purposes of succession, every person must have a domicil somewhere, and that the domicil of origin is not lost, until a new one is acquired.

In Scotland succession is confined to *agnati,* or relations on the father's side, to the exclusion of *cognati,* relations on the mother's side. The mother is always excluded; brothers and sisters or their descendants take in preference to the father ; among collaterals kindred of the full blood exclude those of the half blood, in the same line of succession ; and the next of kin take the estate *per capita,* and never *per stirpes,*—there being no right of representation among descendants or collaterals.

A. B. TAPPAN, *for the Public Administrator.*
W. H. FORMAN, *for Next of Kin.*

THE SURROGATE.—The intestate died at the Marine Hospital, Staten Island. At the time of her sickness she was on her way from Scotland to Canada West. Her surviving relatives are three brothers of the whole blood, and two brothers and two sisters of the half blood. The question is, in what manner distribution of her estate is to be made. The test in respect to succession to the personal estate of intestates, is the law of the domicil at the time of the death. This is the universal rule at this day, though in some countries there has been a struggle against it, before the law has become finally settled.

The deceased was a native of Scotland, and her domicil of origin was at Kirkstile, Perthshire. She died while *in transitu* to Canada West, and therefore had not gained a new domicil. A domicil can be acquired only by residence with the intention of remaining at the new place of abode. Intention, alone, is not sufficient. A domicil can be established only *animo et facto*—by a union of the fact and the intention. (*Pothier Cout. d'Orleans, ch.* 1, §1, *art.* 9). In the present instance, there was the intention without the fact, the party not having yet reached her proposed home, but dying on the journey. Though the death occurred in this state, our law of distribution does not apply, for there was no intention to establish a domicil here. It is a well settled principle, that for the purposes of succession, every person must have a domicil somewhere, and that the domicil of origin is not lost until a new one is acquired. Under the circumstances, therefore, I have no doubt that the distribution of this estate must be regulated by the law of Scotland, the intestate's domicil, which had not been changed by the mere intention to remove to Canada, and her decease on the journey.

In Scotland, succession is confined to *agnati* or relations on the father's side, to the exclusion of *cognati*, relations on the mother's side. But of the kindred through the father, some may be of the full blood, as brothers and sisters *germani*, and some of the half blood, as brothers and sisters *consanguinei*. It is well settled, in contradistinction to the English rule, that among collaterals, kindred of the full blood exclude those of the half blood in the same line of succession. (*Bankton, b.* 3, *tit.* 4, §17, 28; *Erskine, b.* 3, *tit.* 9, §2, 4; *Bell's Principles*, 672; *Robertson on Succession*, 379). The next of kin take the estate *per capita*, and never *per stirpes*, there being no right of representation among descendants or collaterals. (*Erskine, ubi suprà*). In reckoning the degrees of kindred, the mother of the deceased is always excluded from the succession, and brothers and sisters or their descendants take in preference to the father. It is not material, then, to inquire

whether, in the present case, the intestate left a father or mother, or children of a deceased brother or sister. The brothers of the full blood must in any event succeed to the entire estate. As executors dative have been appointed in Scotland, and the administration here is merely ancillary, the decree will declare the brothers of the whole blood entitled to the succession, and direct payment to the Scotch executors dative for distribution at the place of domicil.