JAMES WADE, Respondent, *v.* ALEXANDER MATHESON and another as assessors, etc., Appellants.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

Assessors, who have assessed a non-resident of their town for personal property, are individually liable to him, for damages arising on account of a sale of his property, for collection of the tax levied pursuant to the assessment.

Just previous to the time for making the assessment rolls, the plaintiff moved his family and domicil from O., but continued his business there, returning at intervals and stopping at its hotel, where he registered his name, though without the assessors' knowledge, as from O. The assessors of O. entered his name upon their rolls as liable for personal taxation.—*Held*, that he might sustain an action against them to recover the value of property sold under a warrant issued for collection of a tax imposed pursuant to the assessment.

APPEAL from judgment of Special Term.

The cause was tried before Hon. AMAZIAH B. JAMES, without a jury, at a Special Term held in the city of Ogdensburg, in June, 1870.

The action was brought to recover damages against the defendants, as assessors of the city of Ogdensburg, for illegally assessing the plaintiff for personal property in that city, he claiming to be at the time a resident of Fishkill, in Dutchess county.

It appeared upon the trial that the defendants were, in the year 1869, two of the assessors of the city of Ogdensburg, duly qualified to act as such, a third having been elected who refused to serve; that, as such assessors, they placed upon the assessment roll of said city for the year 1869 the name of James Wade, the plaintiff, and opposite thereto, under the head of personal property, a valuation of his property at $15,000; that a tax was extended against such valuation for the sum of $195; that a warrant for the collection of the tax was duly issued, and the property of the plaintiff levied upon and sold for the payment of the tax, amounting, with expenses, to $202.

The personal property so assessed to the plaintiff was his interest in certain vessels employed in the navigation of the lakes and the river St. Lawrence, and duly registered in the collector's office of the port of Oswegatchie, at Ogdensburg, that being their home port.

Previous to September, 1868, the plaintiff resided and had his domicil at Ogdensburg, where he transacted his then only, business of chartering vessels, and buying and selling grain and flour; on the tenth day of that month the plaintiff removed with his family to a farm purchased in Fishkill, Dutchess county, New York, where he was, at the time of the trial, still keeping house, carrying on his farm, and transacting business connected with his business at Ogdensburg. After he moved away, the plaintiff's business at Ogdensburg was conducted by agents, the plaintiff giving to it about one-third of his time, stopping, when at Ogdensburgh, at a public hotel. After removing his family in Sep

tember, 1868, the plaintiff returned personally to Ogdensburg in October and November, and again in March and each succeeding month up to and including November, in 1869, and remained each time from ten days to two weeks. Each time he registered his name at the hotel, and wrote Ogdensburg after it as his place of residence. There was no proof that this fact was known to the defendants. The rest of his time was spent at his home in Fishkill, in the management of his business there.

The justice was of the opinion that the plaintiff was entitled to recover the value of the property sold, and directed a judgment for the amount, with interest, being $202 and costs.

Judgment was duly entered, and the defendants appealed to the General Term of the Supreme Court.

*George Morris*, for the appellants.

*Foote & James*, for the respondents.

Present—MILLER, P. J., PARKER and HOGEBOOM, JJ.

By the Court—MILLER, P. J. There is no doubt of the fact, I think, that at the time the assessment complained of was made, the plaintiff was a resident of Fishkill, in Dutchess county, and liable to be assessed for his personal property in that town in accordance with the provisions of the Revised Statutes (1 R. S., 389, § 5), which requires that the owner of personal estate shall be assessed for the same in the town where he resides. The continuance of the plaintiff's business at Ogdensburg, by and through his agents, and his visits there after the removal of his family to superintend the business, and even the entry of his name in the hotel register, with "Ogdensburg" as the place of his residence, does not, in my opinion, establish that his residence was at the latter place. It is plain and clear, that he had moved his family with the intention of making Fishkill his permanent residence; and with the exception of going to Ogdensburg at irregular intervals and devoting about one-

Wade *v.* Matheson.

third of his time to his business there, the remainder of his time was spent at Fishkill, in the management of the business in which he was there engaged. The latter place was his residence, his home, and his domicil, beyond any question. His transient and temporary visits to Ogdensburg did not make him a resident there, and something more was essential. (*Matter of Fitzgerald,* 2 Ca., 317 ; *Roosevelt* v. *Kellogg,* 20 Johns., 210 ; *Matter of Thompson,* 1 Wend., 43 ; *Matter of Wrigley,* 4 Wend., 602 ; 8 id., 134.) There must be a settled fixed abode, an intention to remain permanently, at least for a time for business or other purposes, to constitute a residence within the legal meaning of that term. (*Frost* v. *Brisbin,* 19 Wend., 11 ; *Bartlett* v. *City of New York,* 5 Sandf., 44.) The visits to Ogdensburg were made without any intention to remain there for any length of time, but mainly to look after his interests, still remaining in that place. He had a fixed abode and a permanent residence elsewhere, and no intention whatever of returning to the place where he formerly lived.

While there are cases in the books, which hold that an individual may have an actual residence for the purposes of taxation, independent of his domicil (*Bartlett* v. *City of New York,* 5 Sandf., 44 ; *Douglass* v. *Mayor, etc., of New York,* 2 Duer, 110, 118) there is no case which goes to the extent of deciding, that where the evidence of residence is clear and unmistakable, as in the case at bar, he can be assessed at any other place. It is not entirely essential that a person's family should be with him to constitute a residence. (*Frost* v. *Brisbin,* 19 Wend., 11.) Yet where family, business, and an expressed intention carried out into practice, all combine, the fact is established beyond controversy. There is no double residence in such a case, and no question as to domicil, which can be considered as in any way in conflict with an actual residence.

As it is apparent that the plaintiff was not a resident of Ogdensburg at the time, it is equally manifest that the assessors had no jurisdiction of his person. The assessment was

therefore, without authority, and they are personally liable to the plaintiff for damages arising in consequence of their unlawful act and want of jurisdiction. This principle was fully settled in *The People* v. *Supervisors of Chenango* (11 N. Y., 563); *Mygatt* v. *Washburn* (15 id., 316).

It is insisted by the defendant's counsel, that the assessors being required to ascertain the names of the taxable inhabitants, under the statute (1 R. S., 391, § 8), according to the best information in their power, they acted judicially in making such inquiry, and, therefore, are not liable as trespassers. Concede that assessors act judicially, yet they have no right to extend their powers beyond their jurisdiction. There must be some authority over the person before they are at liberty to make an assessment. In *The People* v. *Supervisors of Chenango* (*supra*), PARKER, J., says: "I concede that assessors act judicially. If Mygatt had been a resident when assessed, and they had erred as to the amount, they would not have been liable for error. (*Weaver* v. *Devendorf*, 3 Denio, 117; 7 Barb., 137; 3 Comst., 466.) But, if they had no jurisdiction to act at all, they are liable." They must act within the scope of their authority, and then the law protects them. If they go beyond this, their action is not sustained by the shield of judicial authority. None of the cases relied upon by the defendant's counsel sustain a different doctrine; and in all of them the assessors had jurisdiction.

In *Vail* v. *Owen* (19 Barb., 22) the action was to recover damages against the assessors for assessing the plaintiff, who claimed to be a minister of the gospel, and that he had not, at the time of the assessment, property exceeding $1,500 in value; and it was held that, for all the purposes of the assessment, the assessors have jurisdiction over all the inhabitants of the town; that the inquiry to be made was a judicial act; and that no action lies. It will be observed that the plaintiff was a resident, and, *prima facie*, a taxable inhabitant, and, therefore, within the jurisdiction of the assessors, which was not the fact in the case at bar.

In *Brown* v. *Smith* (24 Barb,. 419), the land assessed laid partly in the town; and it was held that the assessors had jurisdiction of the subject-matter, and, therefore, they were not liable.

So, also, in the other cases relied upon, there was jurisdiction to authorize the assessors to consider the case presented. (*Van Rensselaer* v. *Witbeck*, 7 Barb., 133; *Bell* v. *Pierce*, 48 id., 51; *Weaver* v. *Devendorf*, 3 Denio, 117.)

The facts connected with the plaintiff's visits to Ogdensburg, in connection with his business, and the entries in the hotel register, which were not seen by the defendants, and which could not, therefore, have misled them, did not make plaintiff a resident of Ogdensburg, or present a question for their judicial determination. They were entirely immaterial in view of the unquestioned fact that the plaintiff had entirely changed his residence. It might as well have been claimed, in *Mygatt* v. *Washburn*, that the fact that one of the assessors called upon Mygatt a few days before his removal, and took down his name, placed opposite to it the assessment of personal property for which he was assessed, and informed him of what had been done, presented the question of his residence for their judicial action.

Upon no such ground can the action of the assessors be upheld, and they be relieved of responsibility. The occasional presence of the plaintiff's vessels, or the *situs* of any other personal property belonging to him at Ogdensburg, can make no difference, as the assessors have jurisdiction only over residents in assessing personal property. As was said by LEONARD, J., in *Barhyte* v. *Shepherd* (35 N. Y., 245), "it is clear that, by the effect of the decision of this court in *Mygatt* v. *Washburn*, assessors must determine the question of residence at the peril of personal responsibility in damages in case they shall, by mistake, without fraud or malice even, place the name of a non-resident on the assessment roll."

Some other questions are raised as to the rulings of the judge upon the trial; but they are of no importance, if I am

correct in the views I have expressed, and do not require discussion.

The case was rightly decided, and the judgment of the Special Term must be affirmed, with costs.

Judgment affirmed.