By the Court, Leonard, J.
I have been unable to examine all the authorities cited in the very learned and exhaustive brief of the counsel for the appellant. Time did not permit. His extensive quotations from the text of the authorities cited and the elementary works, reports of this State and the most of those of the United States courts, mentioned in his brief, have been read and considered.
*151 The principal question affects the domicil of the testatrix, Mrs. Martha P. Wurts, at the time of her death, in January, 1871. If her domicil was then at Hice, in France, the law requires that her will of personal estate should be executed in conformity with the laws of that country. If, however, as has been held by the surrogate, her domicil was then at the city of Hew York, her will, executed according to the laws of this State, has been duly proven and admitted to probate.
Mrs. Wurts, with her husband, John Wurts, went to Europe in 1859, having previously been domiciled for many years at the city of Hew York, where he owned a valuable house, in which they had long resided. Mr. Wurts died abroad, in 1861, without having returned to the United States, leaving a last will whereby he devised to his said wife a large real and personal estate in this country, including the said residence, which she retained till her death. She never afterwards returned to the United States: She executed her last will at Hice, in 1868, according to the formalities directed by the laws of the State of Hew York. The personal property devised was managed, after the death of her hnsband, by an agent residing in Hew York, and, as I understand, her large real estate in that city was also devised by the said will. Her place of nativity was the United States, as was also that of her said husband. She left no children, and the respondent, Charles P. Wurts, is the residuary legatee under her said will, whereby, if it has been duly executed, he takes the' larger portion of the estate of the testatrix.
Mr. and Mrs. Wurts were in failing health when they left Hew York, in 1859, and went to Europe in the hope of restoring it. The object of the journey appears not to have been obtained by either of them. During her residence abroad, by letters to friends in the United States, and also in conversation with persons whom she *152 met in Europe, she mentioned the United States as her beloved country and her home. She suffered much by disease, during the whole period of her life abroad. She passed about six months, every year, during the cold season, at Nice, whither she appears to have been attracted by the climate, and the opportunity of receiving medical advice from Doctor Pantaleone. During the other months, she visited Paris, London and Geneva, and sometimes other cities; residing always at hotels, at Nice and elsewhere, when travelling. It seems probable that she entertained very little expectation or hope even, if any at all, of recovering health and strength sufficient to return to New York, during the last year or two of her life. Her physician advised her against the voyage, and acting by his advice she states that she would “ succumb” to the effects of the journey in her then condition of health. There is a regretful tone, when writing or speaking of the improbability of her return to New York, as well as express language, manifesting her affection for her home, and that she had not, of her free will, adopted any new domicil. In her will she declares that New York is her home and residence, and also directs that her body shall be laid by her husband, in his vault at Batsto, New Jersey. True, this was more than. two years prior «to her death; but she made no change of her purpose, so far as we can discover, and never revoked these expressions of her last will.
Domicil is controlled by intention. The intention is evidenced, often, by circumstances attending a residence, as well as by declarations.. The. domicil of birth or origin continues until it is proven to have been abandoned, or a new one has been obtained. Some importance is attached by the appellant to the fact that Mrs. Wurts occupied rooms at the same hotel, at Nice, every winter, which she furnished, in part, herself. It. is a circumstance, undoubtedly, but like the others upon which his *153 counsel rely, including occasional remarks to the effect that she would not return, again, to Hew York, it is not inconsistent with an intention that her domicil shall remain unchanged. Her inability to return, owing to her physical condition, might induce the same observations. If the existence of an inability to return, on account of feeble health, for some time prior to death, were to be regarded as sufficient evidence to establish a change of the will in respect to domicil, it would be a very dangerous rule, particularly unpleasant to travellers abroad.
The surrogate has, in an elaborate opinion, very carefully collated and examined a large amount of authority bearing upon the subject, and has, I think, arrived at a just and proper conclusion. I think the expression of the wishes of the testatrix, in her will, should be regarded as clear evidence of her intention in respect to domicil.
We are referred to a statute of this State requiring a will of personal estate, made by a person not a citizen of this State, to be executed according to the laws of the country in which the same was executed. (2 R. S. 69, Edm. ed.) This statute has no application. Having-reached the conclusion that Mrs. Wurts has never changed her domicil, it is entirely apparent that her citizenship in Hew York has not been lost. She cannot have gained a citizenship elsewhere, while her domicil remains, as we have seen, at Hew York.
It appears that there is no arbitrary rule by which the domicil of a person is proven. Each case must be decided according to the particular facts and circumstances which surround it. Mrs. Wurts was settled, and her domicil for many years was with her husband, at the city of Hew York. It rests with the appellant to prove that she has ever formed the intention of changing it, or that the facts and circumstances which belong to her case are such that they are entirely inconsistent with an *154 intention to retain her original domicil. We think the appellant has failed, taking into consideration the whole case, to prove such a result.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham, Brady and Leonard, Justices,]
The judgment must be affirmed, with costs.