LEDGER LOAN AND BUILDING ASSOCIATION v. COOK ET AL.

*Married woman—Minor—Mortgage—Magistrate's certificate of acknowledgment.*

The certificate of an officer, competent to take acknowledgments, that a married woman was of full age at the time of executing a mortgage, is not conclusive, and if she were a minor, she can only ratify such a mortgage after she becomes of age, by a separate acknowledgment under the Act of Assembly.

Error to the Common Pleas No. 4, of Philadelphia

county.

*Sci. fa.* by. The Ledger Loan and Building Association against Cook and wife, on a mortgage by them of the wife's separate estate.

It appeared on the trial that Mrs. Cook applied to the Association for a loan, that she represented that she was of full age, and, at the request of the solicitor, made affidavit to that effect. The mortgage was then executed, and her separate acknowledgment taken and certified in the ordinary form by a notary public. At the time of the execution of the mortgage, she was in fact a minor, but for three years after attaining her majority she continued to pay interest.

The Court below charged the jury that, if Mrs. Cook was a minor when she executed the mortgage, the verdict must be in her favor.

Verdict for the plaintiff as against Henry C. Cook, and for defendant, as to the wife, on the ground of her minority at the date of executing the mortgage. Judgment having been entered on the verdict, the plaintiff took this writ of error, assigning for error the charge of the Court.

*Thorn (John White* with him), for the plaintiff in error·

The contract of an infant is voidable, not absolutely void.

1 American Lead. Cas. 306-312.

Here the mortgage was ratified by the payment of interest upon it after the minor attained her majority.

The certificate of acknowledgment was a judicial act, and no fraud being alleged it was conclusive.

Heeter v. Glasgow, 29 Sm. 79.
Miller v. Wentworth, 4 Weekly Notes, 82.

(No counsel appeared contra.)

January 27, 1879. THE COURT. Williams *v.* Baker (21 P. F. Smith, 476) rules this case. It was there decided that the certificate of the magistrate to the acknowledgment of a deed by a married woman that she was of full age was not conclusive, and further that the married woman could not ratify the deed after she came of age, except in the manner prescribed by the Act of Assembly, that is by an acknowledgment separate and apart from

her husband.   We may regret this result where the par-
ty was deceived by the deliberate falsehood of the woman,
but it would be a dangerous precedent to hold that her
title could pass in any other way.

PER CURIAM. Judgment affirmed.— *Weekly Notes.*

[*Albany Law Journal.*]

The question of the necessity of separation to pass title
on the sale of part of a mass of property was elaborately
considered by the Court of Errors and Appeals in Hurf v.
Hires, 11 Vroom, 581.  The case was this:  The defendant
bought of one H. two hundred bushels of corn, out of a
lot of four or five hundred bushels in H.'s crib-house.  He
inspected and approved of the corn as it lay in bulk, and
paid the price in cash.   The arrangement between the de-
fendant and H. was, that the corn should be left in the crib
until it was hardened, and then H. was to deliver it.  The
whole lot of corn was then levied on by the plaintiff, as
sheriff, under an execution against H.   After the levy H.
measured out and delivered two hundred bushels of it to
the defendant.   In trover by the sheriff, held (reversing
the decision of the Supreme Court), that a charge to the
jury that the two hundred bushels the defendant bought
not having been separated from the entire bulk, no pro-
perty in it passed to the purchaser, and that the whole
was liable to levy under the execution against H., and
that the defendant was liable to the sheriff for the value
of the two hundred bushels, was erroneous.  The cases on
this subject are many and  not  harmonious.  Most  of
them were cases where the rights of unpaid vendors were
involved, and courts have laid hold of slight circumstances
to retain the property in them.   Another class of cases is
where the sale is complete in all respects except that the bulk
from which the property purchased is to be separated is
not identical in kind or uniform in value, and some ad-
vantage may be derived from the  privilege of selection;
Foote v. Marsh, 51 N. Y. 288; Gillet v. Hill, 2 C. & M.

5,30; Aldridge v. Johnson, 7 E. & B. 885. The doctrine of the principal case that, on a contract of sale of a certain quantity from a larger bulk, uniform in kind and quality, the property will pass though there be no separation if such be the intention; is held in New York, Connecticut, Maine and Virginia; Kimberly v. Patchin, 19 N. Y. 330; Russell v. Carrington, 42 id. 118; S. C., 1 Am. Rep. 498; Chapman v. Shepard, 39 Conn. 413: Waldron v. Chase, 37 Me. 414; Pheasant v. Pendletons, 6 Randolph, 473.

---

*Divorce—foreign judgment—jurisdiction—comity.*—A divorce granted in another state, against a citizen of this state, domiciled and actually abiding here throughout the pendency of the proceedings there, without appearance or actual notice, is of no effect in this state; Borden v. Fitch, 15 Johns. 121; Bradshaw v. Heath, 13 Wend. 407; Vischer v. Vischer. 12 Barb. 640; Kerr v. Kerr, 41 N. Y. 272; Hoffman v. Hoffman, 46 id. 30; Kilburn v. Woodworth, 5 Johns. 37; Shumway v. Stillman, 4 Cow. 294; 6 Wend. 447; Ferguson v. Crawford, 70 N. Y. 253; Kinnier v. Kinnier, 45 id. 535, and Hunt v. Hunt, 72 id. 217, distinguished. Although a state may adjudge the *status* of its citizens toward a non-resident, and authorize such judicial proceedings as it sees fit, such proceedings have no extra-territorial force; Cheever v. Wilson, 9 Wall. 108, and Pennoyer v. Neff, 95 U. S. 714, distinguished. The proceeding is neither *in rem* nor *quasi in rem*, so as to bind a citizen of another state not notified or appearing. Woodworth v. Spring, 4 Allen 321. A judgment *in rem* is not usually ground for proceeding *in personam* in another jurisdiction. Pauling v. Bird's Exrs., 13 Johns. 192. Nor will effect be given to such a judgment on the principle of comity of states for the reason that at the time of the rendition of the judgment our own statute provided for divorce against a non-resident by a like substituted service. Judgment reversed. People v. Baker. Opinion by Folger, J.
[Decided Jan. 21, 1878.]