## GEORGE W. HUNTLEY, RESPONDENT, *v.* JAMES E. BAKER, APPELLANT.

*Foreign judgment — when valid although the summons was not personally served — error in the proof of service of a summons—when immaterial—domicile—how determined.*

In November, 1881, a judgment by default was entered against the defendant in the Municipal Court of Dane county, Wisconsin. He was at that time domiciled in that State, but was absent therefrom. The summons was not personally served upon him, but was left at his residence in the presence of his wife. This mode of service and the proceedings in the Municipal Court were regular and valid according to the laws of that State.

*Held,* that the judgment was valid, and that an action might be brought thereon against the defendant in this court.

The certificate of the officer serving the summons stated that he left it at the house in the presence of the defendant's daughter, naming her. Upon the trial of this action it was shown that it was the wife and not the daughter who was present.

*Held,* that the validity of the service of the summons was not thereby affected.

Prior to 1881 the defendant resided with his family and kept house in Madison, Wisconsin. In January, 1881, he procured employment in Buffalo, New York, and has since that time been there engaged in work. In May he concluded to bring his family there, but was unable to do so owing to the delicate health of his wife. About November twentieth he removed his family to Buffalo, where they have since resided. On November seventeenth a judgment was entered against him in the Municipal Court of Madison upon a summons not personally served, which was issued November tenth.

*Held,* that he was domiciled in Madison at the time the summons was issued and the judgment was entered.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon a judgment rendered by the Municipal Court of the county of Dane in the State of Wisconsin.

*Wm. W. Lyon,* for the appellant.

*Ernest K. Weaver,* for the respondent.

BRADLEY, J.:

By the record of the judgment of the Municipal Court of Dane county, Wisconsin, it appears that on the 10th day of November, 1881, a summons was issued by the judge of that court directed to the sheriff or any constable of that county, commanding that the

defendant, if found within the county, be summoned to appear, etc., on the 17th day of November, 1881, to answer the plaintiff to his damage of $200; that upon it was indorsed the certificate or return of I. L. Lewis, policeman, to the effect that the defendant not being found, he on that day served the summons by leaving a true copy of it at the defendant's usual place of abode in that county, in presence of Miss Retta Baker, daughter and one of the family of the defendant, of suitable age and discretion, whom he informed of its contents: that on the return day the plaintiff appeared and his complaint was on a note of the defendant who did not appear, and judgment was rendered against him for ninety-one dollars and seventy-four cents. This action was brought on that judgment.

The referee finds that the judgment was duly rendered by that court having jurisdiction of the subject-matter and of the person of the defendant, and directs judgment against him for its amount.

It will be observed that the summons was not served on the defendant personally. And it appears that at the time of the constructive service (and is so found by the referee) he was not in the State of Wisconsin, nor was he afterward in that State until after the judgment was rendered, and had no actual knowledge of the action or of the judgment until about the time this action was commenced, the latter part of December, 1881.

It does, however, appear that constructive service of the summons, as evidenced by the return in the record, was in accordance with the direction of the statute of that State. It is clear that unless some relation of the defendant to the State of Wisconsin rendered such constructive service of the summons effectual to permit a judgment against him *in personam*, the judgment rendered there must be deemed without jurisdiction and void, for it seems repugnant to the first principles of justice to charge a party personally with a judgment, rendered without any actual notice to him or appearance on his part. (*Kilburn* v. *Woodworth*, 5 Johns., 37; *Robinson* v. *Ward*, 8 id., 90; *Borden* v. *Fitch*, 15 id., 121, 142; *Noyes* v. *Butler*, 6 Barb., 613, 617; *Phelps* v. *Baker*, 60 id., 107; *Ferguson* v. *Crawford*, 70 N. Y., 261.)

The courts of any State or country can have no extra territorial jurisdiction so as to give notice, serve process, or charge persons

or property beyond their respective boundaries. And when thus unable to acquire jurisdiction of the person against whom legal proceedings are by statute authorized, and nominally taken without actual service on him, the proceeding can be treated as *in rem* only in respect to property within the jurisdiction. But it has been repeatedly held in England that this doctrine is not applicable when the person so sought to be charged by judgment is a subject or citizen of the country where and at the time the proceedings are taken, and when they are in conformity to the statute there, although the person be then absent from the country, and that is put upon the ground that the person domiciled there owes allegiance to the country and submission to its laws. (*Douglas* v. *Forrest*, 4 Bing., 686; *Becquet* v. *McCarthy*, 2 Barn. & Adol., 951; *Bank of Australasia* v. *Nias*, 16 Q. B. [Ad. & Ell.], 717; *Same* v. *Harding*, 9 C. B. [M. G. & S.], 661; *Vallee* v. *Dumergue*, 4 Exch., 290; *Meeus* v. *Thellusson*, 8 id., 638; *Copin* v. *Adamson*, L. R., 9 id., 345; S. C., 10 Moak, 492.)

And therefore a judgment may in such case be rendered against and charge a defendant *in personam*, without any personal service upon or actual notice to him, and in his absence from the country. There are only a few reported cases in this country where that proposition has been considered. In the United States Supreme Court a question somewhat analogous was decided in like manner as applied to the United States. (*The Lafayette Insurance Company* v. *French*, 18 How. [U. S.], 404; approved in *St. Clair* v. *Cox*, 106 U. S., 356; *Pennoyer* v. *Neff*, 95 id., 714, 722, 734, 735.) And in this State this proposition is stated, and the English cases cited with apparent approval. (*Gibbs* v. *Queen Insurance Company*, 63 N. Y., 114, 126; *Hunt* v. *Hunt*, 72 id., 218, 238; *Cassidy* v. *Leetch*, 53 How., 108, 109.)

Without stating the principle more at length, it may be assumed that by reason of the relation between the State and its citizen, which affords protection to him and his property and imposes upon him duties as such, he may be charged by judgment *in personam* binding on him everywhere as the result of legal proceedings instituted and carried on in conformity to the statute of the State, prescribing a method of service which is not personal and which in fact may not become *actual* notice to him. And this may be accom-

plished in his lawful absence from the State. It therefore becomes important to inquire whether the State of Wisconsin was the domicile of the defendant at the time the constructive service of the summons was made there, because it is upon domicile that his civil *status* depended. (*Udny* v. *Udny*, L. R., 1 H. L. (Scotch and Divorce App. Cases), 441; *Abington* v. *N. Bridgewater*, 23 Pick., 176.).

The maxim that every person must have a domicile is peculiarly applicable to the question of citizenship, disposition of his property and the right of succession after his death. The domicile of the defendant was in either the State of Wisconsin or New York at the particular time in question. The referee found that it was in the former. Upon this question considerable testimony was given.

For several years preceding 1881, his family resided and kept house in Madison, Wisconsin, and that was his home. In January, 1881, he procured employment in an establishment in Buffalo, N. Y., and went and has since been engaged there. In May, 1881, he concluded to remove his family to Buffalo and make that his place of residence, and in June following went to Madison with the intention of returning to Buffalo with his family and household goods, but finding his wife in delicate health and by reason of it, he returned without them. His family, consisting of his wife and daughter, continued to remain keeping house at Madison as before, until about the 20th November, 1881, when they were removed by him to Buffalo and have since resided there. This state of facts substantially is found by the referee.

The defendant had but one domicile and that having been in Wisconsin the burden was with him to show that he had changed it, and when he had done so the new one *prima facie* would be that of his family although they may have continued in Wisconsin. (*Inhabitants of Cambridge* v. *Inhabitants of Charlestown*, 13 Mass., 501; *Wade* v. *Matheson*, 4 Lans., 161; *Greene* v. *Greene*, 11 Pick., 410.) But his intention alone was not sufficient to change or create a domicile; the fact of residence must concur with intent to produce that result. (*Chaine* v. *Wilson*, 1 Bosw., 673, 685; *Dupuy* v. *Wurtz*, 53 N. Y., 556, 561, 570; affirming 64 Barb., 156; *Jennison* v. *Hapgood*, 10 Pick., 77; *Crawford* v. *Wilson*, 4 Barb., 505, 519; *Anderson* v. *Anderson*, 42 Vt., 350; 1 Am. R., 334–6; *Lowry* v.

*Bradley*, 1 Speers' Eq., 1; 39 Am. Dec., 142; *Hart* v. *Lindsey* 17 N. H., 235; 43 Am. Dec., 597; *Hallett* v. *Bassett*, 100 Mass., 167, 170; *Graham* v. *Administrator*, 4 Bradf., 127; *Platt* v. *Att'y-Gen'l, etc.*, 3 Appeal Cases, 336; 24 Moak, 234; 2 Kent's Com., 431, notes.)

It is unnecessary to consider the distinctions between domicile and residence, and the peculiar circumstances under which it has been held that a person may be a non-resident of the place of his domicile (*In re Thompson*, 1 Wend., 45; *Haggart* v. *Morgan*, 5 N. Y., 428), or that he may have two places of residence for certain purposes (*Bartlett* v. *City N. Y.*, 5 Sandf., 44; *Bell* v. *Pierce*, 51 N. Y., 17), for they are in no wise important here.

The question in respect to the domicile of the defendant at the time in question was one of fact dependent upon all the circumstances appearing by and inferable from the testimony to which it is unnecessary here to refer in detail. (*Dupuy* v. *Wurtz*, 53 N. Y., 556, 562; *Williams* v. *City of Roxbury*, 12 Gray, 21, 23; *Holmes* v. *Greene*, 7 id., 299.)

The view of the referee evidently was that the intention of the defendant to make Buffalo his permanent place of abode was not consummated by the union with it of the fact, until he removed his family to that city. As a whole the evidence supports the finding of the referee, that at the time the action was commenced and judgment rendered in Wisconsin, his domicile was there.

We think the conclusion of the referee in that respect should not be disturbed. The record of the Wisconsin judgment is not conclusive, but may be impeached in respect to any jurisdictional proceeding.

By the statute of that State ample jurisdiction is given to the Municipal Court for all purposes of the action in which the judgment was rendered, and the proceedings conformed to it.

The policeman had the powers of constable and his certificate of return was all that was required to establish the service of the summons, and the fact that the summons was left in the presence of the wife of the defendant and the contents disclosed to her, instead of Retta the daughter as certified, does not have the effect to so impeach the return as to impair the jurisdiction. The wife was a person of suitable age and discretion within the meaning of the

statute. The fact subject to impeachment is the service of the summons. Where the proof shows merely a discrepancy which does not invalidate the service, but proves that it was properly made, it fails to impeach jurisdiction.

It does not bring the case within the rule that the judgment cannot be supported by proof of jurisdiction *aliunde* the record. Here the proof that the service was not made in the presence of the daughter, showed that it was in that of the wife.

The conclusion follows that the judgment appealed from should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed.