Patterson, J.
The questions presented on this proceeding arise upon a ■certiorari to review the action of the tax commissioners of the city of New York in assessing, for the purposes of taxation for the year 1888, personal property of the estate of Augustus 0. Taylor, deceased, held by the relator as ■executrix. There is no dispute as to the material facts, which are substantially as follows: Mr. Taylor, in his life-time, resided a part of the year in the city of New York, but during the summer months he and his family occupied a country place, which in the record is called a farm, in the town of Ovid, Seneca county. He died at the city of New York, in February, 1887, leaving a last will and testament, which was admitted to probate, and of which the relator is the duly-qualified executrix. Shortly after her husband’s ■death, the relator determined to go with her two children to Ovid, and she "took with her also the household servants from the dwelling-house in the city •of New York, which had been inhabited by the family before Mr. Taylor’s ■death. This city house was closed, but was not abandoned. The relator’s farm at Ovid consists of about 10 acres of land, and she claims to carry on there a business, to-wit, that of farming; but she admits that her farming operations are not conducted for gain, nor as a source of livelihood. In the •autumn of 1887, the relator and her children and four female servants returned to the same dwelling-house in New York city they had occupied at the time ■of and before Mr. Taylor’s death, and remained there during the winter, the children attending school. At some time between September, 1887, and January, 1888, or early in January, 1888, the commissioners of taxes assessed the relator for the personal estate she held as executrix, and she claims their action was erroneous, and that she was subject to assessment only in Seneca •county. This claim is based upon two grounds: First, that her place of residence was in the last-named county, and not in the city of New York; and, second, that if she is to be regarded as having had two places of residence, the assessment for the purposes of taxation must be made in Seneca county, and the property held by her as executrix is subject to taxation there and not here, because by statute (Rev. St. pt. 1, c. 13, tit. 2, § 5, as amended by chapter 92, Laws 1850) it is provided that where a person shall reside during any year in which taxes on personal property may be levied in two or more counties, towns, or wards, the assessment must be made in the county, town, or ward in which the principal business of such person shall have been transacted. It is clear that the relator had two places of residence, and that, from the autumn of 1887 until the spring of 1888, she and her family resided in the ■city of New York. Her domicile may have been at Ovid, but the personal property of the estate was liable to taxation here, by reason of her residence here, unless she transacted business elsewhere. This branch of the subject has been considered and twice passed upon by the general term of the superior ■court, and it is sufficient to refer to the opinions of the learned judges of that court in the cases of Bartlett v. Mayor, 5 Sandf. 44, and Douglas v. Mayor, 2 Duer, 110. The assessment complained of by the relator was made while •she was an actual resident of the city, and was made with authority, unless the second ground of her present contention can prevail. Concerning that ground, I am of the opinion that the facts, as stated by the relator herself in ■the record brought up from the commissioners, do not warrant the conclusion *676 that she transacted business in Seneca county within the meaning of the act of 1850, amending the statute above referred to. After her husband’s death she retired to what had been his country seat, a place of some 10 acres, all that remained of a farm of some 300 acres he had at one time owned. She seems to have maintained this place, employing some nine servants in and about the houses and grounds, but not cultivating the land for any purpose of gain, and not trafficking in its products, but consuming in her own household some portion of what the soil yielded. This is no more transacting business than is the care and attention bestowed upon the administration of a town family residence and the supervision of the servants employed in it; and the whole testimony of the relator would indicate that her occupation in the country was nothing more than such as many people in easy circumstances engage in in the ordinary management and care of their summer places of abode. She may, for the purposes of this proceeding, choose to call it transacting business, but it is not doing so in any proper sense of the words. The action of the tax commissioners was right, and the writ must be dismissed.