LAURA M. JOHNSON v. CASSIE MATTHEWS and T. F. NORMAN, Sheriff, Appellants.

Alimony: VOID DECREE. A judgment for alimony against a non-resi-
1   dent defendant, owning no property in this State, where the service in the divorce suit was by publication, is void.

Alimony: CONFIRMATION OF VOID DECREE. A void judgment for ali-
2   mony cannot be vitalized, by an order confirming the same, in a proceeding to subject property to the satisfaction thereof.

Allowance of alimony: LAPSE OF TIME. Alimony will not be allowed
3   after the lapse of fifteen years from the date of the decree for divorce.

*Appeal from Henry District Court.*— HON. W. S. WITHROW, Judge.

TUESDAY, JUNE 7, 1904.

ON the 15th day of March, 1900, Daniel Johnson died testate seised of certain real estate. His will was duly admitted to probate, and under its terms the widow took a life estate and his six children the remainder, share and share alike. One of these children — Andrew E. Johnson — left Iowa in 1884, and has not been a resident of the State since. After his departure his wife commenced an action for divorce, and, having served notice by publication only, obtained a decree of divorce February 2, 1886, and personal judgment for alimony in the sum of $1,000 and $10.50 costs. On the 9th day of April, 1901, she filed her petition, alleging her ownership of said judgment for ali-

mony and costs, the interest of Andrew E. Johnson in the land, and prayed that " the said sum of $1,000 may be confirmed in her as alimony," and " that said sum of principal and interest may be adjudged and decreed by this court to be a lien " upon Johnson's interest in the real estate, and that special execution issue accordingly. Notice was served by publication, the affidavit thereof being filed December 3, 1901, and a decree was entered on April 22, 1902, that the order of said defendant " to the effect that plaintiff have and recover of said defendant the sum of $1,000 as alimony in said cause, together with the costs of said suit, be, and the same is hereby confirmed by this court, and the said sum. of $1,000, together with the interest thereon at the rate of six per cent. per annum from the date of said order, February 2, 1886, said interest to be computed by the clerk of this court, and, together with the costs of said cause No. 2,060, be, and the same is hereby, declared to be a lien upon the interest of said defendant in and to the following described real estate." Special execution issued, and Johnson's interest in the land was levied upon and advertised for sale on August 16, 1902. The plaintiff had acquired Johnson's undivided one-sixth of the remainder October 2, 1901, and in this action prayed that the sale be enjoined, and Cassie Matthews be decreed to have no interest in or lien on the land. Decree was entered as prayed, and she appeals.— *Affirmed.*

*R. S. Gayler,* for appellant.

*Seérley & Clark* and *Babb & Babb,* for appellee.

LADD, J.— The defendant, Cassie Matthews, was divorced from Albert E. Johnson in 1886. The service was by publication, and, as he was a nonresident without property in the State, the judgment incidentally rendered for alimony and costs was void. *Rea v. Rea,* 123 Iowa, 241. The decree entered in 1902 did not purport to cure any

defect in the original proceedings. The petition merely asked that the judgment for alimony be confirmed, and decreed to be a lien on Johnson's share of his deceased father's estate. The relief sought was granted, but did not have the effect to inject vitality into the void judgment. Mere confirmation of a void judgment will not strengthen it any more than the confirmation of a void estate. To be the subject of confirmation, the act, contract, or adjudication must be voidable merely, and not void; hence the maxim, " *Qui confirmat nihil dat.*" Such a judgment could not have served as the basis of an action for debt. *Kilburn v. Woodworth*, 5 Johns. 37 (4 Am. Dec. 321); *Pelton v. Platner*, 13 Ohio, 209 (42 Am. Dec. 197); 17 Am. & Eng. Enc'y of Law, 1058. Nor could alimony be allowed so long after the entry of the decree of divorce. There was then no valid ground of relief. Nothing was added by declaring the judgment a lien on Johnson's interest in the land. As the judgment was void, the decree imposed no burden. It would be a strange rule which would denounce a personal judgment obtained on service by publication as void, and yet uphold a decree obtained by the same kind of service subjecting property to its payment.— AFFIRMED.