PEOPLE *ex rel.* LAWRENCE *v.* BARKER *et al.*, Commissioners of Taxes. (No. 1.)

*(Supreme Court, General Term, First Department.* February 18, 1892.)

TAXATION—PERSONALTY—RESIDENCE.

> A person having a permanent residence at Hempstead, L. I., where he votes and pays taxes, is not subject to taxation in New York merely because he spends about two months there during the winter, visiting at the house of his mother. 16 N. Y. Supp. 834, reversed.

Appeal from special term, New York county.

Petition by Newbold T. Lawrence for a writ of *certiorari* to the commissioners of taxes and assessments to review an assessment for taxation on his personal estate. Assessment reduced and confirmed. Relator appeals. Reversed, and assessment vacated.

The relator, for many years, has resided at Lawrence, in the town of Hempstead, L. I. He owns his dwelling-house there, and has no other dwelling. He was married in December, 1887. Prior to that time he had been a member of his mother's household, and it had been his custom to spend his summers at the family residence at Lawrence and the winters in this city, in a house belonging to his mother. In June, 1887, he purchased the interest of his sisters in the house at Lawrence, and in December of that year, shortly after his marriage, commenced alterations to adapt it to his permanent residence. These alterations were completed in September, 1888, and he then, with his wife, moved into the house, and has occupied it continuously since that time. In February, 1889, he and his wife spent about six weeks with his mother, at her residence, and as her guests. In March, 1890, they made a similar visit of about a month. In December, 1890, just before Christmas, they came in town, intending to remain about six weeks, but, on account of the relator's sickness, were detained until the 1st of March. Prior to 1888, while the relator was living with his mother, the household expenses were divided, but during his visits in the winters of 1889, 1890, and 1891 he did not pay or contribute in any way to the household expenses. He has voted for seven years past at Lawrence, and was assessed for personal taxes in the town of Hempstead in July, 1890. On the second Monday of January, 1891, his personal estate was assessed by the commissioners of taxes for the city of New York for the purpose of taxation at $100,000. He applied to have the assessment vacated, on account of his non-residence, and, the commissioners having decided adversely to him, instituted these proceedings. The court below reduced the assessment to $10,000, but refused to set it aside.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Lord, Day & Lord, (Franklin B. Lord,* of counsel,) for appellant. *William H. Clark, (George S. Coleman,* of counsel,) for respondents.

VAN BRUNT, P. J. It seems that the relator was a resident of Hempstead, L. I., and as such resident he paid personal taxes in said town; and it is to be

observed that the taxes of 1890 at Hempstead were to be expended in 1891, and the taxes in January, 1891, in New York, were for the same year, and thus the relator would be compelled to pay two assessments for taxes in one year. The mere fact that he happened to be on a visit to his mother on the second Monday of January, 1891, did not make him liable for taxation. It is true that a man may have two residences, one in the city and one in the country; but where his family lives, where he stays the greater part of the time, where he votes, and where he is assessed for personal taxes, is certainly his residence for purposes of taxation. According to the contention of the respondents, if a man came into the city of New York to stay a day or two, and was taken sick, and compelled to remain over the second Monday of January in any year, he would be liable to taxation in this city. We do not think that any such claim can prevail, and it must if the relator can be held in the case at bar. The order should be reversed, and the assessment vacated, with $10 costs and disbursements.

O'BRIEN, J., concurs.

PATTERSON, J. I concur on the ground that it does not conclusively appear that the relator was a resident of the city of New York on the 2d day of January, so as to be made liable to taxation here