PEOPLE *ex rel.* LAWRENCE *v.* BARKER *et al.*, Commissioners of Taxes. (No. 2.)

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. TAXATION—PERSONALTY—RESIDENCE—BUSINESS.

One who has no fixed place of business, and whose only occupation is the management of about 150 acres of land belonging jointly to himself and sister, and the administration of the wills of his father and mother, together with an occasional attendance at the meetings of the board of a corporation of which he is a director, is not engaged in any "business," within the meaning of Rev. St. (8th Ed.) p. 1094, § 5, providing that a person having two or more places of residence shall be taxed upon his personalty at the place "where his principal business shall have been transacted."

2. SAME—RESIDENCE IN TWO PLACES.

One who resides from eight to nine months each year at Lawrence, L. I., on property belonging jointly to himself and sister, and who has paid personal taxes, and always voted there, is not taxable in New York, though he spends most of each winter in the city, living with his sister in a house owned by them, and which is closed when they are away.

Appeal from special term, New York county.

Petition by John L. Lawrence for a writ of *certiorari* to the commissioners of taxes and assessments of New York city to review an assessment for taxation of personal estate. Assessments confirmed. Relator appeals. Reversed, and assessment vacated.

The relator sought to have the assessment vacated on the ground that he was not a resident of New York city. The evidence showed that he lives most of the time at Lawrence, L. I., where he has a half interest with his sister in about 150 acres of land. He spends from three to four months each winter in New York, living in a house belonging to him and his sister. When they are away the house is closed. He has always voted at Lawrence, and has paid personal taxes there. He has no place of business. While at Lawrence he endeavors to sell some of their lands to any one who applies, but does not go about to solicit purchasers. He is executor of the wills of his father and mother, which are probated in Queens county. In this capacity he holds some stocks and bonds, which are deposited in a bank in New York, and he has a bank-account there. He is director of the National Meter Company, and attends meetings of the board when in the city during the

winter, but has no other business connected therewith. For the past few winters he has spent considerable time in traveling. Rev. St. N. Y. (8th Ed.) p. 1094, § 5, provides that in case any person possessed of personal estate "shall reside, during any year in which taxes may be levied, in two or more counties, towns, or wards, his residence, for the purposes and within the meaning of this section, shall be deemed and held to be in county, town, or ward in which his principal business shall have been transacted," etc.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

Lord, Day & Lord, (Franklin B. Lord, of counsel,) for appellant. William H. Clark, (George S. Coleman, of counsel,) for respondents.

VAN BRUNT, P. J. We think that the case of Newbold T. Lawrence, 17 N. Y. Supp. 788, decided herewith, disposed of the case at bar. The appellant does no business within the meaning of the statute. The order should be reversed, and the assessment vacated, without costs. All concur.