JOHN BOWE, as County Treasurer of the County of Albany, Respondent, *v.* CHARLES M. JENKINS, Appellant.

*Personal tax — different residences — principal place of business — jurisdiction of the City Court of Albany.*

The provision of chapter 92 of the Laws of 1850, re-enacted in section 2 of chapter 176 of the Laws of 1851, to the effect that when a person has residences in different towns, his residence, for the purposes of taxation upon his personal estate, shall be deemed to be in the town where his principal business shall have been transacted, was not repealed or superseded by chapter 392 of the Laws of 1883.

The provision of said acts of 1850 and 1851, in reference to residences in different towns during the tax year, does not intend only "successive" residences.

When a person has two residences in the same county, one in a town, and the other in a city in which his principal business is carried on, he is properly taxed for personal estate in the city ward in which he resided when the assessment was made.

A tax on personal estate, properly assessed in the city of Albany, is a debt "on contract implied," and the City Court of Albany has jurisdiction of an action for the recovery of it.

APPEAL by the defendant, Charles M. Jenkins, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of that county on the 28th day of July, 1892, upon the report of a referee upon a new trial had on the appeal of the defendant from a judgment of the City Court of Albany.

The action, which was commenced in the City Court of Albany, was brought to recover a personal tax levied against the defendant as a resident of the city of Albany in the year 1889.

The ascertainment of the residence of the defendant for the purposes of taxation on his personal estate, was claimed by the plaintiff to be controlled by the amendment to section 5, title 2, article 1, chapter 13, part 1 of the Revised Statutes, effected by the provisions of chapter 92 of the Laws of 1850, re-enacted in section 2 of chapter 176 of the Laws of 1851.

*James F. Tracey,* for the appellant.

*Mark Cohn,* for the respondent.

PUTNAM, J.:

We are of the opinion that the evidence was sufficient to justify the finding of the learned referee that defendant, from 1882 down

to and including 1889 (assuming he did not reside in Albany only), had a residence in the city of Albany, and one also in the town of Rensselaerville, Albany county, and that his principal place of business was in the city of Albany. He was, therefore, properly taxed in 1889 for personal estate in that city, under the provisions of the act of 1850 (Chap. 92), 1851 (Chap. 176, § 2). It is suggested by defendant that said act was repealed or superseded by chapter 392 of the Laws of 1883. The latter act does not in terms supersede the former statute, nor is it inconsistent therewith. The act of 1883 was not intended to apply to a case like this, where one has two residences, and each in different towns. That a person may have two residences although but one domicile, under the act of 1850, 1851, cannot be doubted. (*Bell* v. *Pierce*, 51 N. Y. 12; *Bartlett* v. *The Mayor*, 5 Sandf. 44.)

We do not understand the act of 1850, 1851, where one resides in different towns during the year for which he is taxed, as intending only " successive " residences, as claimed by defendant. The language of the act cannot be so construed properly.

The defendant, being taxable in Albany, where his principal business was carried on, was in that city properly taxed in the ward where he resided. (*Wilcox* v. *The City of Rochester*, 129 N. Y. 247.)

We agree with the view of the learned referee that the tax properly assessed against defendant in the city of Albany in 1889 may be deemed a debt " on contract implied," and hence that the City Court of Albany had jurisdiction of the action.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.