(70 Hun, 397.)

PEOPLE ex rel. LORRILLARD v. BARKER et al., Tax Commissioners.

(Supreme Court, General Term, First Department. June 30, 1893.)

TAXATION OF PERSONALTY—RESIDENCE OF OWNER.

Laws 1883, c. 392, provides that all debts and obligations for the payment of money due or owing to persons residing in this state, however or wherever secured, shall, for the purposes of taxation, be deemed personal estate within the state. *Held*, that one whose main establishment is in the city of Newport, R. I., where he votes and is taxed, but who also has a winter residence in New York, is not a resident of New York, within the statute.

Appeal from special term, New York county.

Proceedings under Laws 1880, c. 269, on the relation of Louis L. Lorrillard, against Edward T. Barker and others, as commissioners of taxes, to review defendants' action in taxing relator's personal property. From an order setting aside the assessment, defendants appeal. Affirmed.

The relator was born in the city of New York, where he resided until 1887. He then moved to Newport, R. I., where he has since lived from April to December of each year, in a house owned by him. The balance of the year, i. e. from December to April, he spends with his family in New York city, in a house hired by him for the purpose, and where he was at the time of the assessment in question.

The following is the opinion of Mr. Justice INGRAHAM at special term:

"To justify the respondents in imposing a tax it must appear that on the Tuesday after the first Monday of January, in the year 1891, the relator was a resident of this state. If he was not such a resident at that time the action

of the respondents in taxing his personal property was unauthorized. The mere fact that the relator was in the city of New York at the time mentioned would not justify the respondents in their action, unless he was then a resident of the state. It is the policy of the law to tax personal property at the place of the owner's residence; and by chapter 392 of the Laws of 1883 it is provided that all debts and obligations for the payment of money due or owing to persons residing in this state, however secured or wherever secured, shall be deemed, for the purposes of taxation, personal estate within this state. This provision, however, applies only to persons residing in this state; and by the Revised Statutes in relation to the taxation upon property it is provided 'that every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him.' 1 Rev. St. p. 389, § 5. The only provision for the taxation of personal property in this state, owned by nonresidents, is that taxing property employed in business within this state, and the relator has no money invested in business in this state. The simple question is whether this relator is a resident within this state, within the meaning of the provisions of the statute before referred to. The testimony taken in this proceeding, I think, clearly shows that the relator was not a resident of this state at the time this taxation was imposed. The relator is taxed upon his personal estate in Rhode Island, and has been so taxed for six years. He votes in the city of Newport, state of Rhode Island, and he spends a part of the winter in New York, but that cannot be said to be his residence. To hold this relator liable for taxation in New York would be to tax his personal estate both in New York and Rhode Island, which would be double taxation, and is opposed to the principle established in the case of People v. Coleman, 119 N. Y. 137, 23 N. E. Rep. 488. I do not think the case of People v. Tax Commissioners, (Sup.) 17 N. Y. Supp. 923, applies, for the question there determined was not whether Mr. Day was a resident of this state, or not, and it was not there decided that a person residing in the state of Rhode Island can be taxed upon personal property merely because he spends a few months of the winter in New York; and the appeal in that case was by the tax commissioners, and not by the relator, and consequently the affirmance of that order does not require me to hold that the taxation of personal property belonging to a resident of Rhode Island can be imposed in this state. I think, therefore, the action of the respondents must be reversed, and the tax canceled, with costs."

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

William H. Clark, (G. S. Coleman, of counsel,) for appellants.

Platt & Bowers, (J. M. Bowers and L. G. Reed, of counsel,) for respondent.

PER CURIAM. The order appealed from should be affirmed, with $10 costs and disbursements, upon the opinion of the court below.