(33 Misc. Rep. 357.)

PEOPLE ex rel. MARTIN v. FEITNER et al., Commissioners.

(Supreme Court, Special Term, New York County. December, 1900.)

TAXATION—ASSESSMENT OF PERSONALTY—TAXPAYER'S CHANGE OF RESIDENCE—
EVIDENCE—SUFFICIENCY.

 A person objecting to an assessment of personalty for 1899 on the ground that he had, several years before, removed to Great Britain, appeared before the tax commissioners and claimed under oath that he had changed his residence from New York to London; but it appeared that from 1895 to 1898 his personalty had been assessed, and, except in 1896, he made no claim to exemption by reason of nonresidence, and no review of the assessment in 1896 was sought. Besides, the taxes for all those years were paid without protest; and during the same time, and including 1899, his way of life and habits remained the same as from 1882 to 1895, inclusive, during which time he had distinctly disclaimed a change of residence. In addition, Laws 1896, c. 908, § 8, provides that a residence in a tax district shall be presumed to continue for the purpose of taxation until another residence is acquired in the state, or the taxpayer has removed therefrom. *Held,* that the retention of the assessment was proper.

Certiorari by the people, on the relation of Bradley Martin, against Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York, to review the action of the commissioners in assessing personalty of the relator for the year 1899. Writ quashed and proceedings dismissed.

Davies, Stone & Auerbach, for relator.
John Whalen, Corp. Counsel, for respondents.

ANDREWS, J. This is a proceeding brought to review the action of the tax commissioners in assessing the personal property of the relator in the sum of $200,000 for the year 1899. The deputy commissioner assigned to that duty, under the direction of the tax commissioners, assessed the personal property of the relator for the year 1899 at the sum of $200,000, and duly entered such assessment in the "Annual Record" of the borough of Manhattan. Within the time limited by law the relator applied to the tax commission-

ers, and made an oral statement to them, in which he claimed that his personal property could not be assessed for the purpose of taxation in the city of New York, because he had some years since become a resident of the kingdom of Great Britain. Subsequently the relator appeared before the tax commissioners, and was examined under oath as to his residence. In the return made by the tax commissioners to the writ of certiorari, among other things, they state substantially as follows: That, while it was claimed by the relator that his residence had been changed from New York to London in 1895, it also appeared that the personal property of the relator had been assessed for the purpose of taxation in the years 1895, 1896, 1897, and 1898, and that, except in the year 1896, he had not claimed to be exempt from taxation in the city of New York by reason of his nonresidence; that while in 1896 certain schedules, of which copies annexed to the return are filed with the tax commissioners, nevertheless, no proceedings were taken to review that assessment by certiorari, and on demurrer to certain complaints served in the actions brought with regard to those assessments the actions were discontinued, and the taxes for all of the years named, except as above stated, were paid without protest; that it appeared that the relator still retains his citizenship here, and that there had been no change whatever in his habits of life since the year 1882; that he made no claim to have acquired a residence in Great Britain until the year 1895, while during the years 1895, 1896, 1897, 1898, and 1899 the way of life and habits of the relator had been the same as from the years 1882 to 1895, inclusive, during which period the relator had distinctly disclaimed any change of residence; that section 8 of chapter 908 of the Laws of 1896 provides as follows: "When a person shall have acquired a residence in a tax district, and shall have been taxed therein, such residence shall be presumed to continue for the purpose of taxation until he shall have acquired another residence in the state or shall have removed from this state;" that in view of the fact that the relator had for many years been a resident of the city of New York, that his personal property had been assessed during all that time for the purpose of taxation in that city, that the tax imposed by reason of such assessments had been paid by the relator without protest except in the year 1896, and in view of the presumption raised by said statute that his residence must be presumed to continue for the purpose of taxation until he should have acquired another residence in the state or should have removed from the state, the evidence furnished to the tax commissioners by the relator did not justify them in deciding that his alleged change in residence was a bona fide permanent change; and that for such reasons the tax commissioners denied the relator's application, and determined that the assessment should be retained. I have carefully examined all the evidence submitted to the tax commissioners, and I am of the opinion that their decision to retain the assessment was correct. The writ will therefore be quashed, and the proceeding dismissed, with costs.

Writ quashed and proceeding dismissed, with costs.