## VOLUME 69,

AND

## New York State Reporter,

## VOLUME 103.

---

(59 App. Div. 430.)

### PADDACK v. LEWIS et al.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

TAXATION—PERSONAL PROPERTY—CHANGE OF RESIDENCE—EVIDENCE—SUFFI
CIENCY.

1 Rev. St. p. 389, § 5, as amended by Laws 1850, c. 92, provides that
every person shall be assessed in the town where he resides for all his
personal estate, and that, in case he shall reside during the year in two
or more towns, his residence for the purpose of taxation shall be deemed
to be in the town in which his principal business shall have been trans-
acted. Plaintiff's residence for taxation for many years prior to 1883
was in the town of E., where he was engaged in selling the products of a
mill which was owned by him, but operated by another, and where he also
had a room at the hotel, with a desk and safe, for the conduct of his
business. In 1883, plaintiff, on becoming dissatisfied with his assessment
in E., rented a room at S., and spent part of each week there, and claimed
it as his residence, and voted there, but made no other apparent change in
his business or manner of living. Held, that the evidence was not sufficient
to show that plaintiff had acquired a residence in S. in good faith.

Appeal from Onondaga county court.

Action by Simon D. Paddack against Kirby Lewis and another.
From a judgment in favor of defendants, plaintiff appeals. Affirmed.

In the year 1887, the defendants and one Cromwell Bullock, since deceased,
were the duly-qualified assessors of the town of Elbridge, in the county of
Onondaga, and as such they assumed to assess the plaintiff for personal prop-
erty in the sum of $15,000, and caused a tax of $111.45 to be imposed thereon.
The plaintiff, claiming that he was a resident of the city of Syracuse, and
that such tax was illegal, refused to pay the same; whereupon the assessors
issued a warrant under their hands and seals, and caused a levy to be made
thereunder upon certain personal property belonging to the plaintiff, which

69 N.Y.S.—1

was subsequently sold by the town collector for the sum of $121.44, that being the amount of the tax and the fees and expenses of collecting the same. This action was commenced in the county court of Onondaga county on the 6th day of February, 1894, to recover damages for the alleged wrongful acts of the defendants in taking and selling such property, and the issues joined therein were tried by and before the court without a jury. A decision was subsequently rendered in favor of the defendants, and from the judgment entered thereon this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

Homer Weston, for appellant.
Frank Hiscock, for respondents.

ADAMS, P. J. By the provisions of the Revised Statutes, which, prior to the tax law of 1896, regulated the assessment and collection of taxes, it was required that:

"Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him; [and that] in case any person possessed of such personal estate shall reside, during any year in which taxes may be levied, in two or more counties, towns or wards, his residence for the purposes and within the meaning of this section shall be deemed and held to be in the town, county or ward in which his principal business shall have been transacted." 1 Rev. St. p. 389, § 5, as amended by chapter 92, Laws 1850.

This section, as amended, obviously furnished a new test by which the fact of taxable residence was thereafter to be determined; and in the case of Bowe v. Jenkins (Sup.) 23 N. Y. Supp. 548, it was said by the general term of the Third department that since its enactment "it cannot be doubted that a person may have two residences, although but one domicile." Such, indeed, is the plain meaning of the amendment, and it was doubtless designed by the legislature to reach persons who, by residing in different places at different seasons of the year, or as their various business interests seemed to require, were enabled to escape the payment of all personal taxes. This view of the object and effect of the statute has been repeatedly expressed by the courts (Douglas v. Mayor, etc., 2 Duer, 110; Bartlett v. Mayor, etc., 5 Sandf. 44; Bell v. Pierce, 51 N. Y. 12); and in the case last cited it was said that "to establish a residence requires a less perma-nent abode than to give a domicile, or even to create an inhabitance," and that where the principal business of a party is transacted is a matter of fact, to be ascertained by proof, and to be settled by judicial determination."

In the present instance, the assessors primarily determined that the plaintiff was either a resident of or transacted his principal busi-ness in the town of Elbridge, and they therefore placed his name upon the assessment roll of that town, and set opposite the same the amount of personal property for which they, in the exercise of their discretion, deemed him assessable. The legality of their action was challenged, and the question of the plaintiff's taxable residence there-upon became the subject of inquiry in the county court. It was there made to appear that the plaintiff is an unmarried man, and that from the year 1865 until the year 1883, with the exception of a short time spent at Jordan, he lived continuously in the town of Elbridge, where

he was interested in the manufacture of paper, and in the purchase and sale of real estate, stocks, and other securities. He owned the paper mill, but the paper was manufactured by a firm under an arrangement by which the plaintiff furnished the raw material and disposed of the product. It was also undisputed that during this period of time the plaintiff furnished and occupied a room at the hotel, where he also took his meals, except when out of town. In 1874 he was first assessed for personal property in the town of Elbridge. In 1881 he was assessed for personal property in the city of Syracuse, but, upon furnishing a sworn statement that he resided in the town of Elbridge, that assessment was vacated. In 1883, the plaintiff's assessment for personal property having been increased to the sum of $15,000 by the assessors of the town of Elbridge, he claims to have changed his residence to the city of Syracuse, and frankly states, as his reason therefor, a desire to escape what he regarded as an exorbitant assessment. At this time he reserved for his own use a furnished room in a house owned and rented by him in the city, and notified the assessors of the city that he had taken up his residence there, and was assessable for personal property. The Syracuse assessors thereupon assessed him for $2,000 of personal property, which amount was ultimately raised to $10,000. The plaintiff also testifies that he voted in Syracuse in the years 1884, 1885, 1886, and 1887; but during all this time he continued to transact his paper business at Elbridge, and to occupy his room at the hotel in that village, where he had a safe and desk, and to all outward appearances there was little, if any, change in his habits of life and manner of conducting business, save that he ordinarily passed a portion of each week in the city of Syracuse. Upon these and other circumstances, which it is not necessary to specify, the learned county court found that in 1886 the plaintiff had a residence and conducted business in the town of Elbridge, and that consequently, under the statute of 1850, he was assessable in that town for personal property.

If the questions of fact thus disposed of were original ones, it is quite possible we might feel constrained to reach a different conclusion than the one arrived at by the court below; but nevertheless we do not feel that we would be warranted, under all the circumstances, in holding that the findings of that court are wholly unsupported by evidence. This court has said that "the legal residence of a person rests largely in the intent of the individual." People. v. Crowley, 21 App. Div. 304, 47 N. Y. Supp. 457, affirmed in 155 N. Y. 700, 50 N. E. 1120. And, while this is doubtless true, it is equally true that what constitutes a legal residence is, generally speaking, dependent upon the facts of each individual case; and consequently it often happens that facts which constitute a legal residence in one locality, for one purpose, do not necessarily establish such a residence for another purpose. To illustrate: A person may be a legal voter in the borough of Brooklyn, and yet be a taxable resident of the borough of Manhattan, where he spends most of his time and transacts his principal business. But, wherever his residence may be, it is well settled that, for the purposes of taxation for personal property, it will be deemed to continue until a bona fide change is

affirmatively and satisfactorily shown to have taken place. In re Nichols, 54 N. Y. 62; People v. Crowley, supra. It having been made to appear beyond all question that the plaintiff's taxable residence for many years prior to 1883 was in the town of Elbridge, we think there is, at least, some reason for saying that, under all the circumstances of this case, he has not established, by affirmative and satisfactory proof, the fact that for the purposes of taxation he did in good faith acquire another residence, so as to deprive the assessors of that town of jurisdiction. It therefore follows that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.