(78 App. Div. 287.)

PEOPLE ex rel. LORD v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. January 16, 1903.)

1. TAXATION—PERSONALTY—NONRESIDENCE.

Where, on certiorari to review an assessment of personal property, relator filed an affidavit that she owned a house in another county, which had been her residence since 1894. and that she was actually in such county on the 1st day of July, 1900, and was not in the city of New York, or a resident there, on the first Monday in January, 1900, she was not liable for a tax for the year 1901, as a resident of such city, under Laws 1896, c. 908, § 8, providing that every person shall be taxed in the district where he resides when the assessment is made for his personal property, and that the residence of a person on July 1st shall be deemed his residence for the purpose of assessment.

Van Brunt, P. J., and Hatch, J., dissenting.

Appeal from Special Term, New York county.

Application for certiorari by Elizabeth S. Lord to review an assessment of her personal property by Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York. From an order dismissing the writ, the relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry De Forest Baldwin, for appellant.
David Rumsey, for respondents.

INGRAHAM, J. The relator was assessed, as a resident of the city and county of New York, on her personal estate, and made an application to the tax commissioners to vacate that assessment upon the ground that she was not a resident of the city and county of New York, but was a resident of the village of Lawrence, in the county of Nassau. The determination of the tax commissioners is stated in their return to have been upon the ground that the relator's allegation that she was a resident of Lawrence, county of Nassau, was not supported by the allegations of fact. The court at Special Term dismissed

the writ upon the ground that, upon the evidence before the commissioners, their refusal to cancel the assessment was proper, and the relator appeals from that determination.

The application to the commissioners by the relator was, in form, an affidavit, whereby she says:

"I reside in the village of Lawrence, in the county of Nassau, where I own a house. I have owned this house since 1894, and during all that time it has been my residence. I spend a portion of each year in the city of New York, and have an apartment in the building 155 West Fifty-Eighth street, which I occupy while in the city; but I consider Lawrence my residence, and I was actually at Lawrence on the 1st of July, 1900."

She further alleges in her affidavit that in the year 1900 she occupied the apartment in Fifty-Eighth street only from January 17th to April 27th, when she removed to Lawrence, and remained there, with the exception of occasional trips, until early in October, when she went to Pennsylvania, then to Fishkill, and then to Lakehurst, N. J., where she remained until January 17, 1901. This affidavit was accepted by the commissioners, and no further testimony as to the relator's residence was taken or required, and the truth of this affidavit is not questioned; the tax commissioners placing their determination upon the statement that these facts were not considered by their predecessors in office as sufficient to justify them in canceling the assessment made by the deputy tax commissioner. The facts stated in this affidavit, not being questioned, we think, established that the relator's legal residence for the year 1901 was at the village of Lawrence, county of Nassau, and not in the city and county of New York. Assuming that, as a tax had been imposed, the burden was on the relator to show that she was not a resident of the city of New York on the 2d day of January, 1900, in the affidavit which she presented, and which the tax commissioners received as the evidence upon which the application was to be determined, she expressly swore that she has owned a house in the village of Lawrence, county of Nassau, since 1894, and during all that time that had been her residence. She was actually there on the 1st day of July, 1900. She was not in the city of New York, or a resident here, on the first Monday in January, 1900, as her stay in New York was from January 17th to April 27th of that year, when she removed to Lawrence, and remained there until October.

By section 8 of the tax law (chapter 908 of the Laws of 1896) it is provided that:

"Every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him. * * * The residence of a person on July first shall be deemed his residence for the purpose of assessment and taxation during that year."

That the relator was actually at Lawrence on July 1, 1900, that she owned a house there, and that that had been her residence since 1894, are distinctly averred in her affidavit, and not impeached by anything in the record. The commissioners accepted her statement, and acted on it; and, in the absence of a request for further information or for further evidence upon the subject, the statement thus accepted must be taken as true. Assuming that the relator did spend a portion of each year in the city of New York, and a portion of each year at her

house that she owned in Lawrence, Nassau county, the question as to which was her legal residence for the purpose of taxation was one of fact, to be determined upon her intention as to which of these places should be her legal residence. It is the evident intent of the law that a person shall be taxed on his personal estate in but one place in this state, which shall be the place of his actual residence, and the statute fixes definitely that the residence of the person on the 1st of July shall determine the locality in which the tax shall be assessed for the current year. It is quite true that the physical presence of a person on the 1st of July at any particular place does not determine that question. The question is as to the legal residence of the individual at that time. The statement of facts contained in the relator's affidavit—that she has owned a house at Lawrence, in the county of Nassau, since 1894, and that since that period that had been her residence, and that she was actually at Lawrence on the 1st of July, 1900—would seem to determine the question as to her legal residence for that year; and there is nothing to show that the relator was in the year 1900 a resident of the city and county of New York. The fact that she spent a few months (from January to April) in that year in New York does not make her a resident here, in the face of the undisputed statement that she owned a house at Lawrence in the county of Nassau from 1894 to the present time, and that during that time that had been her residence.

I think, therefore, that the relator was not taxable in the city and county of New York for the year 1900, and that the order appealed from should be reversed, with $10 costs and disbursements, and the assessment vacated, with costs. All concur, except VAN BRUNT, P. J., and HATCH, J., who dissent.