PEOPLE ex rel. THOMAS v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. TAXATION—ASSESSMENT—TAXPAYER'S RESIDENCE—AFFIDAVIT—CONCLUSIVE-NESS.

Tax Law (Laws 1896, p. 800, c. 908) § 8, declares that every person shall be taxed in the tax district where he resides when the assessment is made, for all personal property owned by him. *Held*, that where one assessed on his personal estate as a resident of New York City presented to the commissioners an affidavit in which he deposed that he was a resident of Suffolk county, and that he was assessed and paid taxes there, and the affidavit was accepted, and no further evidence required, it established that his residence was in Suffolk county, and it was error to assess him in New York City.

2. SAME—CERTIORARI—REVIEW OF ASSESSMENT.

On certiorari to review an assessment against a taxpayer as a resident of New York City, the fact that the return denied, on information and belief, the allegations of the petition to the effect that relator was at the time of the assessment not a resident of the city, did not preclude relator from having the assessment vacated; the return not denying the facts alleged in the petition, which tended to show that the commissioners had accepted relator's affidavit to the effect that he was not a resident of the city, and had not required any further evidence.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of J. Metcalfe Thomas, to review an assessment on the personal property of relator for the year 1901. From an order dismissing the writ, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William H. Thitchener, for appellant.

David Rumsey, for respondents.

McLAUGHLIN, J.   The relator was assessed on his personal estate as a resident of the city and county of New York for the year 1901 in the sum of $20,000.   He applied to the tax commissioners to vacate the assessment upon the ground that he was not a resident of the city and county of New York, but resided at Southampton, Suffolk county, N. Y., where he was assessed and paid taxes upon his personal estate.   His application was denied upon the ground, as appears from the return made by the commissioners, that the proof presented by the relator to them was "insufficient to show that the relator had ceased to be a resident of the city of New York."   The proof presented consisted of an affidavit in which the relator said:

"Deponent is not a resident of the county or city of New York, but resides at Southampton, Suffolk county, New York; that his actual residence is in Southampton aforesaid; that he has resided there, more or less, all his life; that some three years ago deponent left the state of New York, and moved, with his family, to Colorado Springs, and resided there for upwards of a year, and that thereafter, upon his return to the East, he moved to Southampton aforesaid; that while he resided in Colorado he continued to rent an office in the city of New York, wherein was office furniture of the value of seven hundred and fifty dollars ($750), and, upon his application made in Colorado, the assessment on his personal estate was reduced from ten thousand dollars ($10,000) to seven hundred and fifty dollars ($750); that deponent conducts business in Southampton, Suffolk county, New York, and pays his assessment there, and is also assessed and pays taxes upon his personal estate in Suffolk county."

This affidavit was accepted by the commissioners, and no further testimony as to the relator's residence was taken, or, so far as appears, required, notwithstanding it appears from the affidavit of the attorney who presented it that he was informed by the commissioners, if further evidence were required, he would be notified of that fact, and which notice was not given.

The facts stated in the relator's affidavit as to his residence (not being questioned), we think, established his legal residence for the year 1901 at Southampton, Suffolk county, and not in the city of New York.   People ex rel. Lord v. Feitner, 78 App. Div. 287, 80 N. Y. Supp. 534.   In any event, the commissioners having accepted the affidavit, if they were not satisfied that the facts therein stated were true, they could not entirely disregard it, in the absence of such notice.   Section 8 of the tax law (chapter 908, p. 800, Laws 1896) provides, among other things, that "every person shall be taxed in the tax district where he resides when the assessment is made for all personal property owned by him."   Here the relator is assessed upon his personal estate at Southampton, and there pays his personal tax.   The question presented is quite similar to the one presented in People ex rel. Lord v. Feitner, supra.   In that case it appeared from an affidavit filed that the relator resided at Lawrence, in the county of Nassau; that she owned an apartment in the city of New York, which she occupied during a portion of the year, but did not consider such city her residence.   She was assessed upon personal estate as a resident of the city of New York for the year 1901, and

thereupon submitted an affidavit setting forth the fact that she did not reside in such city, but resided at Lawrence. The commissioners accepted the affidavit, and required no further testimony, but, notwithstanding that fact, refused to cancel the assessment. This court held that the assessment should have been vacated, on the ground that the proofs presented established the relator's residence at Lawrence, in the county of Nassau. Mr. Justice Ingraham, who delivered the opinion of the court, referring to the affidavit filed by the relator, said:

"The commissioners accepted her statement and acted on it, and, in the absence of a request for further information or for further evidence upon the subject, the statement thus accepted must be taken as true. Assuming that the relator did spend a portion of each year in the city of New York, and a portion of each year at the house that she owned in Lawrence, Nassau county, the question as to which was her legal residence for the purpose of taxation was one of fact, to be determined upon her intention as to which of these places should be her legal residence."

Nor is there any force in the contention of the respondent that the relator was not entitled to have the assessment vacated, inasmuch as the return denied, upon information and belief, an allegation in the petition to the effect that the relator, at the time the assessment was made, was not a resident of the city of New York. The proceeding is to review the action of the tax commissioners, and the return nowhere denies any of the facts set out in the petition as to what occurred before them. All of the allegations of the petition in this respect are admitted. The question, therefore, presented, was one of law, to be determined upon the petition and return thereto. Upon these facts the assessment should have been vacated, and for the reason that the relator, during the period for which the assessment was made, was not a resident of the city and county of New York, but was a resident of Southampton, Suffolk county, N. Y.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to vacate assessment granted, with $10 costs. All concur, except O'BRIEN, J., who dissents.