(47 Misc. Rep. 226.)

PEOPLE ex rel. STRONG v. O'DONNEL et al., Commissioners.

(Supreme Court, Special Term, New York County. May, 1905.)

1. TAXATION—RELIEF FROM ILLEGAL TAXES—NECESSITY OF APPEARING BEFORE COMMISSIONERS.

Where certiorari to review an assessment for personal taxes is based upon relator's nonresidence, relator need not have appeared before the commissioners to present proof of the invalidity of the assessment in order to entitle him to relief.

2. SAME—PERSONAL TAXES—RESIDENCE OF TAXPAYER.

A resident of New Jersey, who voted there in 1903, and was there assessed for personal property in 1904, was not subject to a personal property assessment in New York in 1904, although he was the lessee of a house in New York which was occupied by himself and family during the winter months.

3. SAME—PRESUMPTIONS.

Under Tax Law, Laws 1896, p. 800, c. 908, § 8, providing that, when a person shall have acquired a residence in a tax district and shall have been taxed therein, such residence shall be presumed to have continued until he shall have acquired another residence, or shall have removed from the state, no presumption of residence arises from the mere payment of a tax in a certain city for a certain year, where the taxpayer, at the time he made the payment, asserted that he was a resident of another state, and stated that he sometimes lived in the city where he paid the tax, and was willing to pay something for the maintenance of such city.

Certiorari by the people, on the relation of William E. Strong, against Frank A. O'Donnel and others, commissioners, etc., to review assessment of personal taxes. Assessment stricken from roll.

George E. Blackwell, for relator.

Curtis A. Peters, for respondents.

BISCHOFF, J.   The relator seeks to review an assessment for personal taxes for the year 1904, and the question presented is whether he was a resident of the state on the second Monday of January of that year.   It is urged, as a preliminary point, that the writ should be dismissed for the relator's failure to present to the commissioners proof of the invalidity of the assessment; but, since the proceeding is based upon the fact of nonresidence, the right to assail the assessment is founded upon the commissioner's lack of jurisdiction; hence, it was not necessary for the relator to appear before the commissioners as a condition to his standing to obtain relief by certiorari.   People ex rel. Powder Company v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648; Dale v. City of New York, 71 App. Div. 227, 75 N. Y. Supp. 576, 1123.

Upon the facts presented I am of the opinion that the relator was a resident of the state of New Jersey, for the purposes of taxation, at the period in question, and that the assessment should be vacated. According to the relator's actual assertion, he resides at Seabright, in the state of New Jersey, in a house which he has continuously owned for a number of years, his habit being to spend the summer and autumn, and sometimes the winter, at that place, retaining his servants there at all times, and keeping this house always ready for his occupancy and that of his family.   He also maintains a place of abode on Madison avenue, in this city, which, according to his custom, he and his family have occupied during the winter months.   It appears also that in September, 1902, the relator filed a bill in chancery, in New Jersey, containing the recital that he was then residing at Rumson, township of Shrewsberry, county of Monmouth, and state of New Jersey; that he voted in New Jersey in 1903; and that he was assessed for personal property in that state in 1904.   Upon this state of facts, the circumstances accord with the relator's expression (founded upon his intention) that he is a resident of New Jersey, and the fact that he is also the lessee of a place of abode in the city of New York does not affect the question of his actual residence, under these circumstances. People ex rel. Lorillard v. Barker, 70 Hun, 397, 24 N. Y. Supp. 63; People ex rel. Lawrence v. Barker (Sup.) 17 N. Y. Supp. 788; People ex rel. Blocher v. Crowley, 21 App. Div. 304, 47 N. Y. Supp. 457.

The contention of the respondents is that the relator, having been taxed as a resident of this city in the year 1903, his residence is presumed to continue, and that no change in his manner of living since 1903 has been shown to have occurred; therefore, that he must be deemed a resident of this state, having acquired no other residence. The argument is based upon section 8 of the tax law (Laws 1896, p. 800, c. 908) which provides:

"When a person shall have acquired a residence in the tax district, and shall have been taxed therein, such residence shall be presumed to continue for the purpose of taxation until he shall have acquired another residence in this state or shall have removed from this state."

It is to be noted that the statute founds the presumption of residence upon two things; i. e., the acquirement of a residence and an actual taxation, and a presumption of residence from the mere pay-

ment of a tax, or from the fact of taxation, is not expressed as obtaining. The inference of continued residence, from the payment of a tax without protest during successive years, might well arise (People ex rel. Martin v. Feitner, 33 Misc. Rep. 357, 68 N. Y. Supp. 535) ; but, to reach a presumption of residence from the act of making a single payment of a tax, without reference to the circumstances of the payment, would be beyond the apparent meaning of this statute, as well as beyond the ordinary acceptance of the rules relating to the cogency of proof. It appears that when the relator was assessed for the year 1903, he went before one of the commissioners and discussed the question of his residence, asserting that he was a resident of New Jersey, with which assertion the commissioner agreed, and the relator then stated that he would voluntarily pay a tax on the assessment of $20,000, saying:

"I live some of my time in the city of New York, and I am quite willing to pay something for the maintenance of the city."

The payment, under these circumstances, as I view it, cannot be taken to establish the fact of the relator's residence in this city in the year 1903, and the actual fact of his residence in New Jersey before and after this date is thoroughly apparent, and is not affected by this voluntary payment of a tax. The relator is, therefore, entitled to a final order directing that this assessment be stricken from the roll.

Ordered accordingly.