(85 Misc. Rep. 128)

### PEOPLE ex rel. McGRUER v. DINNEEN, Assessor of City of Ogdensburg, et al.

(Supreme Court, Special Term, St. Lawrence County. April, 1914.)

1. TAXATION (§ 254*)—PERSONAL PROPERTY—PLACE OF TAXATION.
   The provision of Tax Law (Consol. Laws, c. 60) § 8, that every person shall be taxed in the tax district where he resides does not mean where he resides for the purpose of voting or where his domicile is.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 419–426; Dec. Dig. § 254.*]

2. TAXATION (§ 260*)—PERSONAL PROPERTY—PLACE OF TAXATION.
   Under Tax Law (Consol. Laws, c. 60) § 8, the personal property of a person carrying on business in a certain city on July 1, 1913, and residing with her husband therein, was properly assessed in such city for the year 1913, in the absence of evidence that she had in good faith changed her residence, and that her personal property was assessed in some other district.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 433, 434; Dec. Dig. § 260.*]

Certiorari by the People, on the relation of Harriet M. McGruer, to review an assessment by Thomas Dinneen as assessor of the City of Ogdensburg, New York, and others, as a Board of Hearing and Deciding Complaints of Persons Aggrieved as to the action of the assessors of the city of Ogdensburg in fixing assessments. Determination of assessors ordered affirmed.

Waterman & Waterman, of Ogdensburg, for relator.
D. W. Mulligan, of Ogdensburg, for defendants.

VAN KIRK, J. The writ of certiorari in this matter was issued, under date of September 15, 1913, to review the assessment of personal property against Harriet M. McGruer in the city of Ogdensburg for the year 1913. The defendants made their return, which is verified November 7, 1913. The matter came on for hearing before this court. It was conceded at the hearing that but one question was presented to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the court; that is, whether or not, on July 1, 1913, said Harriet Mc-Gruer resided in the said tax district. Section 8 of the Tax Law (Consol. Laws, c. 60) provides in part as follows:

"Every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him. * * * When a person shall have acquired a residence in a tax district, and shall have been taxed therein, such residence shall be presumed to continue for the purpose of taxation until he shall have acquired another residence in this state or shall have removed from this state. The residence of a person on July first shall be deemed his residence for the purpose of assessment and taxation during that year. If he shall have actually and in good faith changed his residence after July first, and before August first in any year, from one tax district to another, and shall make proof to the assessors at or before their last meeting for the correction of the assessment roll of such change of residence and that he is assessed in the tax district to which he has removed, his name and the assessment of his personal property shall be stricken from the assessment-roll of the tax district where he resided on July first."

[1, 2] It is the evident purpose of the statute that every resident owning personal property subject to taxation shall be assessed therefor in some tax district. The personal property, on account of which the assessment in question here was made, has never been assessed in any tax district. The relator was residing with her husband in Ogdensburg on July 1, 1913. The statute specifically says that:

"Every person shall be taxed in the tax district where he resides when the assessment for taxation is made."

This does not mean where he resides for the purpose of voting, or where his domicile is. The assessors of the city of Ogdensburg had jurisdiction to make this assessment. There was no evidence before the assessors, nor is there any before this court, that after the 1st of July Mrs. McGruer had in good faith changed her residence, and that the said personal property is assessed in any other tax district. On the contrary the evidence shows that it is not assessed in any other district for the year 1913. The relator's business is carried on in the city of Ogdensburg, where she and her property have the protection of the laws and enjoy the benefit of the city government with its improvements. Within the letter and spirit of the statute I think the relator was properly assessed in the city of Ogdensburg. Bell v. Pierce, 51 N. Y. 12; People ex rel. Lord v. Feitner, 78 App. Div. 287, 80 N. Y. Supp. 534; Paddack v. Lewis, 59 App. Div. 430, 69 N. Y. Supp. 1; Boyt v. Gray, 34 How. Prac. 323; Bowe v. Jenkins, 69 Hun, 458, 23 N. Y. Supp. 548; People ex rel. Strong v. O'Donnel, 47 Misc. Rep. 226, 95 N. Y. Supp. 889. As to domicile and residence, Matter of Newcomb, 192 N. Y. 238, 84 N. E. 950; De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652; Tax Law, § 8.

A final order may issue confirming the determination of the assessors. The defendants may have costs against the relator in the sum of $50 and disbursements.

Ordered accordingly.