(173 App. Div. 228)

LEIGHTY v. TICHENOR.

(Supreme Court, Appellate Division, First Department.  June 2, 1916.)

1. PROCESS ☞66—FOREIGN LAW—SUFFICIENCY OF SERVICE.

Under the statutes of Missouri, where the judgment sued upon was rendered, providing that, where there are several defendants, a summons shall be executed by delivering to the defendant who shall be first summoned a copy of the petition and writ, and to those subsequently summoned a copy of the writ, etc., a service upon the defendant first served by leaving a copy of the writ, without a copy of the petition, was insufficient.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 53; Dec. Dig. ☞66.]

2. JUDGMENT ☞818(3)—FOREIGN JUDGMENT—DETERMINATION OF JURISDICTION.

The objection as to the fact of defendant's domicile in another state, where the judgment sued on was rendered against him, goes to the common-law principles of jurisdiction; and the court, in its disposition of an effort to enforce the judgment in this state, is in no way bound by the adjudications of such other state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1466–1470; Dec. Dig. ☞818(3).]

3. JUDGMENT ☞818(2)—FOREIGN JUDGMENT—DOMICILE OF PARTY—COMMON LAW.

Under the principles of the common law, as well as the statutes of Missouri, substituted service of the summons on a defendant in a personal action brought in Missouri would be ineffective, if defendant was not then domiciled there, even though he happened to have a temporary place of abode in the state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1460–1465; Dec. Dig. ☞818(2).]

4. JUDGMENT ☞944—ACTION ON FOREIGN JUDGMENT—SUFFICIENCY OF EVIDENCE—DOMICILE.

In a suit on a judgment rendered in Missouri against the defendant for the recovery of a sum of money, where the service of the summons was a

substituted service, evidence *held* to show that defendant had neither dom-
icile nor place of abode in Missouri at the time of the service.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1783; Dec. Dig.
<span>©⟶944.]</span>

Appeal from Special Term, New York County.

Action by Granville Leighty against Nimrod B. Tichenor. From
a judgment for plaintiff for $6,327.68, entered upon a decision after a
trial at Special Term, defendant appeals. Reversed, and complaint dis-
missed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN,
SMITH, and PAGE, JJ.

John Kirkland Clark, of New York City, for appellant.
Stephen P. Anderton, of New York City, for respondent.

SMITH, J. This is a suit on a judgment rendered in Missouri in
1904 against this defendant. The contention of the defendant is that
the original judgment is not binding because of the failure to effect
proper service on him. The judgment was a personal one for the
recovery of a sum of money. The service of the summons was a
substituted one. The Missouri statute prescribing the method of
service is as follows:

"A summons shall be executed, except as otherwise provided by law, either:
First, by reading the writ to the defendant and delivering to him a copy of
the petition; or second, by delivering to him a copy of the petition and
writ; or, third, by leaving a copy of the petition and writ at his usual place
of abode, with some person of his family over the age of fifteen years;
* * * or, fifth, where there are several defendants, by delivering to the
defendant who shall be first summoned a copy of the petition and writ, and
to such as shall be subsequently summoned, a copy of the writ, or by leaving
such copy at the usual place of abode of the defendant, with some person
of his family over the age of fifteen years. * * * All copies of said writ
shall be made by the officer serving same, and for each copy necessarily made
by him, he shall be entitled to a fee of ten cents." Rev. St. Mo. 1909, § 1760.

The sheriff's return read:

"I further executed this writ in the city of St. Louis this 16th day of
September, 1904, by leaving a copy of the writ as furnished by the clerk for
N. B. Tichenor, a defendant herein, at his usual place of abode with a person
of his family over the age of 15 years."

The other defendants were served, but the returns showed that
these services were made on the 17th of September. The defendant
argues that the service on him was ineffective because, since at the
time of service he had no residence in St. Louis, he could only be
bound by a judgment based on a personal service of the summons,
and also because the statute was not complied with, inasmuch as he
was the first served, and no copy of the petition accompanied the writ.

[1] The second objection questions the proper procedure under the
Missouri statute. The plaintiff's expert, a Missouri lawyer, wavered
in his rendering of the Missouri law, at one time stating on cross-
examination that "if no person had been served prior to Tichenor—
if Tichenor was the first one served and no copy of the writ and peti-
tion was left with him, but left with a defendant subsequently served
—that would not be substantial compliance with the statute," and

later on redirect examination the witness contradicted himself, and stated that such service would be substantial compliance. The defendant's expert, on the other hand, positively testified that such service would be invalid, supporting his testimony with a reference to the case of Feurt v. Caster, 174 Mo. 289, 73 S. W. 576, which held that where a suit was against one defendant, and the return stated that a copy of the writ was served, and omitted to state that a copy of the petition accompanied it, as is required by the statute, the service was invalid, and a judgment based on it could be collaterally attacked. In view of the strict construction this statute has received on all occasions in the state of Missouri (Laney v. Garbee, 105 Mo. 355, 16 S. W. 831, 24 Am. St. Rep. 391; Rosenberger v. Gibson, 165 Mo. loc. cit. 23, 65 S. W. 237), it must be held that the statute should be absolutely complied with, and the service here should be held insufficient.

It is true that a writ of error coram nobis brought by defendant herein before the circuit court of the city of St. Louis in 1910 to set aside this judgment was denied, but such denial was apparently placed upon the limitation of the scope of the writ, and the fact that under the writ the question of the validity of the service could not be raised.

[2-4] The objection as to the fact of domicile of the defendant, however, is one going to the broad common-law principles of jurisdiction. Upon this question this court is in no way bound by Missouri adjudications in its disposition of an effort to enforce the judgment in this state. White v. Glover, 138 App. Div. 797, 123 N. Y. Supp. 482. It appears to us from a consideration of the statutes that the intent of the statute was to prescribe a method of service on domiciled and not merely temporary residents, and that, therefore, by the terms of the statute as well as by the principles of the common law, the service would be ineffective if defendant was not at the time domiciled in Missouri, even though he happened to have a temporary "place of abode" in the state. From the evidence, however, we consider that he had neither domicile nor place of abode in Missouri at the time of the service. The defendant himself testified that his home was in Dallas, Tex., although he and his family moved about the country, following the races and living in apartments a few months at a time. In 1902, 1903, and 1904 they lived in St. Louis during the summer months, but he testified that they left by the 1st of September at the latest. It is not shown at what place he is claimed to have lived when served by substituted service. A janitor in Thornby Place, St. Louis, swears to defendant's having resided there in September, 1904, when service is claimed to have been made; but the strong weight of the testimony is that he rented the house in Thornby Place in 1903, and not in 1904, and was not there in 1904, nor in St. Louis in September, 1904. No facts are shown from which an inference can be drawn that he intended at any time to make St. Louis his home, and the record is barren of any proof that his residence at any time in St. Louis was such as to raise a legal implication that he had consented to be bound by a personal judgment entered upon a substituted service of the summons.

The judgment should therefore be reversed, with costs, and the complaint dismissed, with costs. Settle order on notice. All concur.